Ellis, Respondent, vs. Cary, Administrator, etc., Appellant.

*March 16 — April 25, 1889.*

*Services rendered by step-daughter to step-father: Void agreement to make compensation: Statute of frauds: Performance by one party: Rebutting presumption that services were gratuitous: Recovery quantum meruit.*

1. A step-daughter who is a member of the family of her step-father cannot recover for services rendered as his housekeeper without

proving an express promise or agreement on his part to pay her therefor. And such promise or agreement must be established by direct and positive evidence, or by circumstantial evidence equivalent thereto.

2. An oral promise to devise and bequeath real and personal property as compensation for services to be rendered, is within the statute of frauds (sec. 2304, R. S.) as to the real estate; and being indivisible, and failing in part, the whole fails.

3. Performance on the part of the promisee, by rendering the agreed services, is not sufficient to take the promise out of the statute.

4. A person rendering services for another which would otherwise be gratuitous may recover therefor on proof that they were rendered pursuant to an express promise or agreement by the one receiving the services to compensate therefor, even though such promise or agreement contains provisions which bring it within the statute of frauds and prevent its enforcement as a contract.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff presented a claim in the Milwaukee county court against the estate of John Gorman, the defendant's intestate, for services rendered by her as his housekeeper from January 1, 1879, to the time of his death, which occurred March 26, 1887. The county court disallowed the claim. On appeal the circuit court reversed the judgment of the county court, and directed the latter court to allow the claim at $1,700, that being the amount stipulated to be due her in case her claim should be allowed. The case is fully stated in the findings of fact and conclusions of law of the circuit court. These are as follows:

"*First.* That John Gorman died on the 21st day of March, A. D. 1887, being of about the age of seventy-two (72) years, intestate, and never having made a will; and failed and neglected to give or devise in any manner his property, or any part thereof, to claimant. *Second.* That the estate whereof John Gorman died seized or in any way possessed consisted of real estate of the value of $1,300, and personal estate of the value of $790, together amounting to $2,090. *Third.* That *Elizabeth Ellis*, the claimant, was

the step-daughter of said John Gorman, deceased, and lived and made her home with him and her mother, at his house, until the death of her mother on or about the 1st day of January, A. D. 1879. *Fourth.* That, shortly after the death of her mother, said claimant left the house of John Gorman and went to live with her brother in said city of Milwaukee. *Fifth.* That, soon after said claimant left the house of John Gorman, an oral agreement was entered into between said deceased and the claimant that, in consideration of her keeping his house and taking care of him during the residue of his life, he was to devise and bequeath to her all his real and personal property as compensation for her services so to be rendered to deceased. *Sixth.* That on or about the 1st day of July, A. D. 1879, said claimant returned to the house of the deceased and became his housekeeper, in which position she remained, discharging her duties faithfully, to the day of his death in pursuance to the aforesaid agreement. *Seventh.* That the value of claimant's services rendered said deceased prior to the 23d day of April, A. D. 1885, was and is the sum of $4 per week, and the value of such services subsequent to said 23d day of April, 1885, was and is the sum of $5 per week."

And the following conclusions of law thereupon:

" *First.* That the statute of limitations has no application to any part of plaintiff's claim. *Second.* That the claimant is entitled to recover in this action upon a *quantum meruit* from the estate of John Gorman, deceased, the value of the services rendered by her from the 1st day of July, A. D. 1879, to the 21st day of March, A. D. 1887, amounting to the sum of $1,700. *Third.* That the judgment and order of said county court herein appealed from should be reversed, and the papers, documents, and records herein remitted to said court, and said court directed to reverse its said judgment and enter judgment therein for said claimant and against said estate in accordance with the opinion

of this court and its findings and conclusions herein. Let judgment be entered for the claimant for the sum of $1,700 and costs."

In addition to the above findings, the court found, at the request of the defendant, as follows:

"1. That said John Gorman was in poor circumstances financially, and was employed as a driver of a dray at all times in the complaint mentioned. 2. That the real estate of said deceased consisted of a twenty-foot lot, with a small one-story house thereon, containing three rooms, which house was used and occupied by said deceased at all times aforesaid as his homestead. 3. That claimant, from the time she was a small child, lived with the deceased at his home up to and until the time of her marriage, which occurred on the 17th day of November, A. D. 1887, excepting only a period of two months, when she lived with her brother, and after her marriage she and her husband lived there up to the death of said John Gorman; and that during said two months while said claimant lived with her brother said deceased lived at his said home entirely alone. 4. That at all times mentioned in her said claim the claimant worked out in a shirt factory on an average of four or five full days in each week, and received for such services about $7 per week. (5) That no accounts whatever were ever kept between claimant and said deceased, and that claimant at all times came and went, received and entertained her relatives and friends at said house, as she pleased, and her husband courted and married her from there, and they lived there and made it their home after their marriage. (6) That a brother of said claimant lived with said deceased at his said house for a period of five years, and paid his board during all such time, and that claimant never paid any board while she lived at said house. (7) That there never was any contract in writing between deceased and claimant respecting compensation for her services, nor any

note or memorandum of any contract signed by said deceased or any duly authorized agent. (8) That said claimant never assented, except by her actions, to the contract alleged in her complaint, and never was in any way obligated thereby. (9) That said deceased was repeatedly urged to, and often positively declined to, make a will providing for the claimant."

The defendant appeals from the judgment of the circuit court.

For the appellant there were briefs by *Van Dyke & Van Dyke,* and oral argument by *Wm. D. Van Dyke.* They contended, *inter alia,* that where services are rendered by near of kin an express contract must be shown. There can be no implied contract. *Mountain v. Fisher,* 22 Wis. 93; *Hall v. Finch,* 29 id. 278–286; *Pellage v. Pellage,* 32 id. 136–142; *Tyler v. Burrington,* 39 id. 376; *Wells v. Perkins,* 43 id. 160; *Byrnes v. Clark,* 57 id. 13–21; *Geary v. Geary,* 67 id. 248–9; *Leary v. Leary,* 68 id. 671; *Pritchard v. Pritchard,* 69 id. 373–377; *Bostwick v. Bostwick,* 71 id. 273. That plaintiff left deceased for two months and then returned, if a fact, is quite immaterial. *Hall v. Finch,* 29 Wis. 281; *Byrnes v. Clark,* 57 id. 13–21; *Wells v. Perkins,* 43 id. 160; *Davis v. Goodenow,* 27 Vt. 717. Such express contract, as to proof of its existence, is not to be placed on the same ground as a contract between strangers unaffected by any personal relation. *Hall v. Finch,* 29 Wis. 278; *Wells v. Perkins,* 43 id. 160, 166; *Pellage v. Pellage,* 32 id. 136, 142–3. The evidence to prove such express contract must be positive and direct, or there must be circumstantial evidence strictly equivalent thereto. *Hall v. Finch,* 29 Wis. 278, 286; *Pellage v. Pellage,* 32 id. 136–145; *Tyler v. Burrington,* 39 id. 376–382; *Wells v. Perkins,* 43 id. 160–164; *Byrnes v. Clark,* 57 id. 13–21; *Geary v. Geary,* 67 id. 248; *Pritchard v. Pritchard,* 69 id. 373; *Wall's Appeal,* 111 Pa. St. 460. Evidence of circumstances from which a contract may be implied

must be distinguished from circumstantial evidence of an express contract; the former should be excluded, the latter is competent. *Tyler v. Burrington*, 39 Wis. 376; *Wells v. Perkins*, 43 id. 160–164; *Pellage v. Pellage*, 32 id. 144. A mere preponderance of evidence is not sufficient. The preponderance must be evidence of an express contract, not of an implied contract. *Wells v. Perkins*, 43 Wis. 160. The burden of proof is on the claimant. *Hall v. Finch*, 29 Wis. 278–286, and cases cited above. But little weight should be given to the alleged admissions of the deceased. Such evidence is most dangerous and of the weakest kind. 1 Greenl. Ev. sec. 200; *Dreher v. Fitchburg*, 22 Wis. 675. Proof of an intention on the part of the deceased to compensate claimant by a provision in his will should not be admitted in evidence. *Dodson v. McAdams*, 96 N. C. 149; *Hall v. Finch*, 29 Wis. 278–280; *Hunter v. Hunter*, 3 Strobh. 321; *Bayliss v. Pricture*, 24 Wis. 651; *McGarvey v. Roods*, 73 Iowa, 363; *Wall's Appeal*, 111 Pa. St. 460.

The alleged contract to devise real estate and bequeath personal property is entire and inseverable, and being void as an agreement to devise is entirely void. 2 Parsons on Cont. 520; 2 Reed on Stat. of Frauds, secs. 691–3, 695, 735, and cases cited; *Clark v. Davidson*, 53 Wis. 317–320; *Fuller v. Reed*, 38 Cal. 99; *Gould v. Mansfield*, 103 Mass. 408; *Wellington v. Apthorp*, 145 id. 69. Part performance, by payment in money or services, unaccompanied by any other act, will not take the case out of the statute. *Blanchard v. McDougal*, 6 Wis. 167; *Smith v. Finch*, 8 id. 245; *Brandeis v. Neustadtl*, 13 id. 153; 2 Reed on Stat. of Frauds, secs. 555, 737, 645, and note *v*. The contract, being void, is an absolute nullity, and cannot for any purpose be considered as ever having had a being or existence, and the parties must stand as if no express contract had been made. *Brandeis v. Neustadtl*, 13 Wis. 149; *Thomas v. Sowards*,

25 id. 631; *Campbell v. Thomas*, 42 id. 437, 452–3; *Cohen v. Stein*, 61 id. 509; *Salb v. Campbell*, 65 id. 405–408; *Sutton v. Rowley*, 44 Mich. 113; *Popp v. Swanke*, 68 Wis. 368; *Liddle v. Needham*, 39 Mich. 147–150; *Dung v. Parker*, 52 N. Y. 494–497; *Baltzen v. Nicolay*, 53 id. 467; *Buck v. Pickwell*, 27 Vt. 168; *Dunphy v. Ryan*, 116 U. S. 491–496.

For the respondent there was a brief by *Somers, Somers & Dorr*, and the cause was argued orally by *T. F. Somers* and *T. H. Dorr*. They argued, among other things, that where money is paid upon an executory agreement, free from moral turpitude, and not prohibited by positive law, but invalid by reason of want of compliance with some formal requirement of law, as that the contract shall be in writing or the like, the money so paid may be recovered (while the agreement remains executory) in an action for money had and received. And where services are rendered under such a void agreement, the party rendering the same may sue for and recover for the same upon a *quantum meruit*. *Brandeis v. Neustadtl*, 13 Wis. 149; *Thomas v. Sowards*, 25 id. 631; *Northwestern U. P. Co. v. Shaw*, 37 id. 655; *Clark v. Davidson*, 53 id. 317; *Tucker v. Grover*, 60 id. 240; *Hillebrands v. Nibbelink*, 40 Mich. 646; *King v. Brown*, 2 Hill, 485; *Burlingame v. Burlingame*, 7 Cow. 92; *Robinson v. Raynor*, 28 N. Y. 494; *Wallace v. Long*, 105 Ind. 522. Plaintiff may show a parol contract for the conveyance of land as the groundwork of her action, under which, as the consideration for such conveyance, the services were to be rendered. *Grannis v. Hooker*, 29 Wis. 65; *Tucker v. Grover*, 60 id. 240; Wood on Stat. of Frauds, sec. 221. And the parol contract may be shown to rebut the presumption which otherwise might obtain, that the services rendered were to have been gratuitously performed. *Wallace v. Long*, 105 Ind. 522; Wood on Stat. of Frauds, sec. 221, *Robinson v. Raynor*, 28 N. Y. 494.

LYON, J.   Undoubtedly the claimant, *Mrs. Ellis*, being the step-daughter of the deceased, John Gorman, and a member of his family, cannot recover against his estate for her services without proving an express promise or agreement on his part to pay her therefor.   And such promise or agreement must be established by direct and positive evidence, or by circumstantial evidence equivalent thereto. It has been so held in many cases in this court cited in the briefs of the respective counsel.

The agreement alleged in the complaint or claim of *Mrs. Ellis*, and found by the court to have been made, is, in substance, that if *Mrs. Ellis* would keep the house of the deceased and take care of him during the residue of his life, he would devise and bequeath to her all his real and personal property as compensation for such services.   The agreement was oral.   When it was made, and when John Gorman died, his estate consisted of both real and personal property, but the most of it was real estate.

It is claimed on behalf of the administrator that the testimony fails to prove the above agreement.   *Mrs. Ellis* testified as a witness in her own behalf.   She gave no testimony in chief of conversations or transactions had by her with the deceased, but on her cross-examination, in answer to a question by counsel for administrator, she testified that she had read the statement of her claim in the complaint, and that the same is true.   This is direct and positive evidence of the alleged express agreement, and is not controverted directly.   Further than this, other witnesses testified, and their testimony is not disputed, that the deceased said to them, in substance, at different times, that *Mrs. Ellis* was to have all his property at his death, and that she understood it or understood the agreement.   In addition to the above testimony, the fact that she left him when her mother died, and only returned to live with him after repeated solicitations, is significant.   True, many other

statements of the deceased were testified to, which, standing alone, are little more than expressions of his intention to leave all his property to *Mrs. Ellis*, but, read in connection with the more direct and positive testimony of an agreement, they serve to emphasize such testimony.   But, disregarding those expressions of intention, we think the testimony is sufficient, within the rule above stated, to establish the alleged express agreement.   We must therefore affirm the finding of the circuit court in that behalf.

The agreement thus established is in part for a devise of land, and the same was not evidenced by any writing signed by the testator.   It is therefore within the statute of frauds.   R. S. p. 654, sec. 2304.   The fact that it included personal as well as real estate does not take it out of the statute, even as to such personal estate.   Such a contract is indivisible, and, failing in part, the whole fails.   It was so held in *Clark v. Davidson*, 53 Wis. 317.   Such is doubtless the law.

When the cause was on argument a member of the court suggested to counsel the question whether the contract was not saved by performance on the part of *Mrs. Ellis*.   But such performance on her part is not alone sufficient to take the agreement out of the statute of frauds.   This is well settled.   True, *Mrs. Ellis* remained in possession of the real estate after the death of John Gorman, but she was not put in possession under the void agreement, and such possession had no necessary reference thereto.   Had the deceased put her in possession under the otherwise void agreement, it is probable we should have a proper case for specific performance, but he did not do so.   The above suggestion to the counsel was made (in part at least) upon the strength of *Alderson v. Maddison*, L. R. 5 Exch. Div. 293. The defendant in that case was seeking the benefit of a parol contract by her employer to devise her a life-estate in certain lands for many years' service as his housekeeper.

She fully performed her agreement, but he died without making her the devise. Mr. Justice STEPHEN held at the trial that the agreement was originally within the statute of frauds, but that the application of the statute was barred by complete performance on her part. The rule.there laid down would in like manner take the present case out of the statute and give *Mrs. Ellis* an action upon the parol agreement. We find, however, that the judgment of Mr. Justice STEPHEN was reversed by the court of appeal (L. R. 7 Q. B. Div. 174); that court holding that performance of the parol agreement by the defendant did not exclude the operation of the statute of frauds. On appeal to the House of Lords, the same rule was held, and the judgment of the court of appeal affirmed. L. R. 8 App. Cas. 467. Such, also, seems to be the rule of this court. *Blanchard v. McDougal,* 6 Wis. 167; *Smith v. Finch,* 8 Wis. 245; *Brandeis v. Neustadtl,* 13 Wis. 142. We think, therefore, that the concession made on the argument by counsel for *Mrs. Ellis,* that the parol agreement to devise the land to her is void under the statute, was well advised.

It remains to be determined whether such express agreement, which is void as a contract, is a sufficient ground upon which to base a claim for compensation *quantum meruit* for the services therein stipulated for.

It is a verity in the case that the deceased expressly agreed by parol to pay *Mrs. Ellis* for her services, and that upon the faith thereof she entered upon such service, and continued therein until he died, thus fully performing her part of the agreement. Were this all, the agreement would be a valid express contract on his part to pay for such services what they were reasonably worth. But such agreement contains another provision, which renders it void as a contract. It would be a severe rule to hold that, merely because such provision was included in the parol contract, no doubt through the ignorance of both parties of the effect

of it, *Mrs. Ellis* should lose all compensation for eight years of most faithful service, when she stipulated in advance for such compensation and the deceased agreed in advance (no doubt in perfect good faith) to compensate her therefor. After much investigation and thought we have reached the conclusion that the case is not governed by any such harsh rule. The reasons which have brought us to this conclusion will now be briefly stated.

Owing to the relationship between *Mrs. Ellis* and her step father, and the fact that she was a member of his family, the legal presumption, in the absence of proof to the contrary, is that her services were rendered gratuitously. The burden is therefore upon her to show that they were not so rendered, but that she was to be remunerated therefor. To meet this obligation she proved the express parol agreement for compensation. True, such agreement is void as a contract for the reasons stated, and hence cannot be enforced specifically, nor constitute the basis of an action for damages. But is there any just or sound reason why the express promise or stipulation therein to remunerate her should not still be operative, not as a contract, but to rebut the presumption that Mrs. Ellis rendered the services in question gratuitously?

True, this court has said in effect, in several cases, that the express promise or agreement required by the rule means a valid express contract. But in each of these cases a valid express contract was asserted and relied upon to rebut the presumption of gratuitous service. Hence, as applied to and limited by the facts of those cases, the rule thus laid down was strictly accurate. Yet it does not necessarily conflict with the rule above suggested, that the presumption of gratuitous service may be rebutted by proof of an express promise or agreement to remunerate therefor, which by reason of some provision contained in it is void as a contract. Those cases hold that where a valid

express contract is relied on to rebut the legal presumption of gratuitous service, such a contract must be proved. They do not necessarily hold, and it would probably be mere *obiter* did they assume to hold, that such presumption is not also rebutted by proof of an express promise or agreement to remunerate, which for some reason is void as a contract. There may be a promise or agreement to do a particular thing, even though it falls short of being a valid contract. An examination of the cases above referred to will show that none of them present the question of the effect of a promise to remunerate, which cannot, under the statute of frauds, be enforced as a contract.

This view is not without authority elsewhere to sustain it. The same question was involved in *Wallace v. Long*, 105 Ind. 522. The circumstances were very similar to those in the present case. After holding that the agreement there in question was within the statute of frauds, and could neither be specifically performed nor become the foundation of an action for damages, the court say of it: "It does, however, serve to rebut any presumption which might otherwise have obtained, that the services rendered were to have been gratuitously performed, or that they were performed under the mere expectancy that the intestate would leave the plaintiff's ward a legacy. She is therefore entitled to recover the value of her services." It is true, as counsel for the administrator argued, that the Indiana statute of frauds does not, like ours, make a contract void which contravenes its provisions, but like sec. 4 of the English statute merely takes away the right of action upon it. But while this difference leads to different results in certain cases, some of which are pointed out by DIXON, C. J., in *Brandeis v. Neustadtl*, 13 Wis. 142, in other cases the results are the same under both statutes. We are unable to perceive that this difference in the statutes affects the questions here under consideration. If under the Indiana statute the inoperative

agreement rebuts the presumption that the services were rendered gratuitously, we think it should have the same effect under our statute.

The New York statute of frauds is the same as ours, yet it seems to be very well settled in that state that a recovery may be had for services, otherwise gratuitous, if the plaintiff proves an express promise or agreement to remunerate therefor, although the same rests in parol and the remuneration is to be made by a devise or conveyance of land. *Quackenbush v. Ehle*, 5 Barb. 469; *Robinson v. Raynor*, 28 N. Y. 494; *McRae v. McRae*, 3 Bradf. Sur. 199; *Reynolds v. Robinson*, 64 N. Y. 589; *Campbell v. Campbell*, 65 Barb. 639.

It was further contended by counsel for the defendant, in his very learned and able argument, that the parol contract to devise land for the services of *Mrs. Ellis* being void, it is an absolute nullity and cannot be considered, for any purpose whatever, as ever having had an existence. Cases are not wanting containing language which seems to support this contention. But the rule is too strongly stated. It is entirely accurate to say that a void contract cannot be enforced. No attempt is here made to enforce one; but the fact is that, in the very large class of cases in which recoveries for money paid or for services rendered under void contracts have been upheld, it was competent and essential in each case to prove the contract and its invalidity before there could be any recovery. If the void contract contains no express stipulation to repay the money or to compensate for the services, the plaintiff recovers, in a proper case, on the implied promise to do so. If there is a stipulation in the void contract to repay the money advanced on it, or, as in this case, to compensate for the services rendered on the faith of it, the recovery is upon the express promise or agreement.

We must hold, therefore, that a person rendering services

for another which would otherwise be gratuitous (as in the present case) may recover therefor on proof that they were rendered pursuant to an express promise or agreement by the one receiving the services·to compensate therefor, even though such promise or agreement contains provisions which bring it within the statute of frauds and prevent its enforcement as a contract.

*By the Court.*—The judgment of the circuit court is affirmed.

ORTON, J., dissents.

See notes to this case in 42 N. W. Rep. 253.—REP.

