# Butler *v.* Kent.

## *Assumpsit.*

### Decided Nov. 14, 1907. 44 So. Rep. 863.)

1. *Work and Labor; Parent and Child; Services; Presumption.—* The presumption that the services of a son living with his father are rendered the father gratuitously may be rebutted by proof of an express contract to the contrary, or by facts and circumstances tending to show that at the time of such services the parties intended a pecuniary compensation.

2. *Same.—*Where the son is of legal age and resides apart from the father, who has means of support, no presumption arises that services rendered by the son to the father at the father's request are gratuitous.

3. *Same; Evidence; Agreement Void Under Statute of Frauds.—* A parol agreement for compensation for services rendered by the son during the lifetime of the father is admissible to show that the services were not gratuitously rendered, although the agreement itself may be void under the statute of frauds, where the action is on a quantum meruit and not on the contract.

4. *Statute of Frauds; Necessity of Pleading.—*To be available as a defense the statute of frauds must be specially pleaded.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by Daniel Butler on a quantum meruit for services rendered to the intestate of A. J. Kent. There was judgment for defendant and plaintiff appeals. Reversed and remanded.

STELLL BLAKE, for appellant. Although a contract may be void under the statute of frauds because not

[Butler v. Kent.]

reduced to writing, yet a recovery at law may be had for services performed under it.—*Sims v. McEnnis, Admr.,* 27 Ala. 184; *Allen v. Booker,* 2 Stewart 21; *Flinn v. Barber,* 64 Ala. 193; *Schooner v. Vachone,* 121 Ind. 3; *Ellis v. Cary,* 74 Wis. 176.

General assumpsit is the proper form of action.— Shipman's Common Law Pleading (2nd Edition), page 12; *Krou v. Verkentoren,* 90 Ala. 113. The statute of frauds is not specialiy pleaded, and the interposition of same by way of objection to evidence, is not permissible in any aspect of the case.—*Espalla v. Wilson,* 86 Ala. 491; *Lagerfelt v. McKie,* 100 Ala. 430.

John W. Overton, for appellee. No brief came to the Reporter.

DENSON, J.—This is a suit, prosecuted by the plaintiff against the administrator of his deceased father's estate, to recover on a quantum meruit claim for services rendered in supporting and taking care of his father and mother in their latter years until they died. Ordinarily, when a son living with his father renders services to him, the presumption arises that the services are gratuitous; but this presumption may be rebutted by proof of an express contract, or a contract implied in fact—that is, established by facts and circumstances which show that, at the time the services were rendered, both parties contemplated or intended a pecuniary compensation therefor.—8 Am. & Eng. Ency. Law, 1023, and cases cited in note 1 to the text; *Ellis v. Cary,* 74 Wis. 176, 42 N. W. 252, 4 L. R. A. 55, 17 Am. St. Rep. 125. In this connection we call attention to the fact that in this jurisdiction it has been decided that where a son had attained to his majority and was living separate and apart from his father, and the father had

means of comfortable support, the law did not require the son to perform work and labor at the father's request without compensation—in other words, that the presumption of gratuity did not arise.—*Parker's Heirs v. Parker's Adm'r.* 33 Ala. 459.

In the instant case the services for which compensation is claimed were rendered while the plaintiff was living with the parents. Therefore it became ncessary for the plaintiff to rebut the presumption of gratuity. For this purpose the plaintiff offered to prove by Evaline Butler that she was present, on January 1, 1884, with the plaintiff and his father, W. H. Butler, and heard a parol agreement between them whereby it was agreed that the plaintiff should move from his own place to the home of his father and live in the house with him, and should take care of him and of Miriam Butler, the mother of plaintiff, the remaining portion of their lives, and that upon their deaths all the property that the father owned should belong to the plaintiff. On objection made by the defendant that the agrement was void under the statute of frauds, the bill of exceptions recites it was agreed by the plaintiff and defendant that the agreement was void under the statute of frauds, and the court sustained the objection and would not allow the proof to be made. In reviewing the court's ruling, it must be kept in view that the suit is not based on the agreement. In *Sims v. McEwen,* 27 Ala. 184, 192, it was held that, notwithstanding a parol agreement in respect to lands was void, so that no action at law might be maintained for its breach, yet for services rendered under it a quantum meruit claim might be successfully prosecuted; citing *Allen v. Booker,* 2 Stew. 21, 19 Am. Dec. 33. But at the time the decision was made our statute of frauds did not declare parol agreements void. It simply declared that no action could be maintained

on them.—*Gillespie v. Battle,* 15 Ala. 276.. Now the statute declares such agreements void; and in *Flinn v. Barber,* 64 Ala. 194 (an action to recover money paid under a parol agreement for the sale of lands, for that said agreement was void under the statute of frauds), the court, on page 199 of the opinion, uses this language "Such agreements are not void as immoral, or evil in themselves; but they are void because offensive to the policy the statute establishes. Being void, they are nullities; and so long as merely executory it is difficult to conceive of any purpose for which they can be used. It is void, and that which is void by express statutory declaration must be a nullity—must be without legal effect, incapable of conferring right, or imposing duty." Now it is not contended that the contract or agreement confers any right or imposes any duty; but its use as evidence was resorted to merely as a circumstance tending to show the plaintiff moved to the home of his father. Plaintiff does not claim through nor by the agreement.

In *Ellis v. Cary, supra,* which was an action for services by a plaintiff against whom the presumption of gratuity existed, the services were rendered under a parol agreement that, if plaintiff would keep the house of the deceased and take care of deceased during the residue of his life, he would devise and bequeath to her his real and personal proprty as compensation for such services. The court here held that, while the agreement was void under the statute of frauds and could not be enforced, yet there was no sound reason why it should not be operative—not as a contract, but as evidence to rebut the presumption that the plaintiff rendered the services gratuitously. This view of the law is supported by the courts of other states. In New York the statute of frauds, like ours and that of Wisconsin, renders con-

tracts made in violation of it void; yet it seems to be very well settled in that state that a recovery may be had for services otherwise gratuitous, if the plaintiff proves an express promise or agreement to remunerate therefor, although the same rests in parol, and the remuneration is to be made by a devise or conveyance of land.—*Quackenbush v. Ehle,* 5 Barb. 469; *Robinson v. Raynor,* 28 N. Y. 494; *McRae v. McRae,* 3 Bradf. Sur. 199; *Reynolds v. Robinson,* 64 N. Y. 589; *Campbell v. Campbell,* 65 Barb. 639; *Wallace v. Long,* 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222.

So our conclusion, based on reason and authority, is that, while the agreement offered to be shown by the plaintiff is admitted to be void under the statute of frauds, and no action for a breach of it can be maintained, it may serve as evidence to rebut any presumption, which otherwise might have obtained, that the services rendered by the plaintiff were to have been gratuitously performed. It follows that the court erred in sustaining the objection to the proposed evidence.

We note that there is no plea of the statute of frauds in the record, and in the absence of such a plea the objection had no proper foundation anyway.—*Lagerfelt v. McKie,* 100 Ala. 430, 14 South. 281. The judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.