# Moore v. Whitmire.

## Deceit and Breach of Contract.

(Decided November 7, 1914.  66 South. 601.)

1. *Fraud; Deceit; Action; Necessity of Written Contract.*—To support an action for deceit concerning the ownership of land by defendant, whereby plaintiff was induced to procure a conveyance of a lot to defendant under an agreement for an exchange of land, it was not necessary that the transaction out of which the deceit arose should be evidenced by a writing.

2. *Same; Statute of; Pleading; Showing Contract.*—Although a writing in conformity to the statute of frauds is necessary to support an action, it is not necessary to allege such writing as the absence of such a writing is a matter of defense unless its absence appears affirmatively from the face of the complaint.

3. *Same; Defense.*—Where the action was for the breach of an agreement to exchange land plaintiff could prove and recover upon a verbal emendation of the written description made while the contract was still in fieri in the absence of any plea of the statute of frauds, whether the original agreement was defective or not with respect to the description, and whether or not a subsequent endorsement of a change of description on the writing satisfied the statute of frauds.

[Monroe v. Whitmire.]

4. *Exchange of Property; Breach of Contract; Pleas.*—Where the action was for breach of an agreement by which plaintiff agreed to transfer to defendant a city lot in consideration of a transfer by defendant to him of a farm, pleas that plaintiff had broken the contract, in that he had never conveyed or offered to convey the lot, that he had failed to execute and deliver a conveyance within the time stipulated in the contract, and that he had failed to transfer the lot but had tendered a deed from persons other than himself were not subject to demurrers on general grounds.

5. *Same; Validity; Contract.*—A contract for the exchange of a house and lot for a farm was not rendered invalid because plaintiff did not own the house and lot which he agreed to convey at the time of the agreement.

6. *Same; Evidence.*—Where the action was for breach of contract to exchange a house and lot for a farm, and the defense was failure to convey or offer to convey the house and lot, the failure to execute and deliver a conveyance within the terms stipulated in the contract, and failure to transfer the lot by plaintiff himself, but the tender of the deed from the third person, with replication alleging that defendant had accepted a deed as a full compliance on the part of plaintiff, the fact that defendant had executed a deed to plaintiff was within the scope of the pleading and properly admitted.

7. *Same; Damages.*—Where defendant failed to perform an agreement for the exchange of land which provided that each party was to furnish an abstract showing a good title, the cost to plaintiff of procuring an abstract of title to his lot was not recoverable as damages.

8. *Same; Evidence.*—Where the action was for the breach of an agreement to exchange land, evidence that after defendant had failed to secure quit claim deed to the lands which he agreed to convey, he offered to reconvey to plaintiff the lot conveyed to him was not material and should have been excluded.

9. *Same; Breach of Warranty.*—An agreement for an exchange of land which provided that each party was to furnish an abstract showing a good title free from encumbrances, with certain exceptions, and that 30 days should be given each party to correct any defect in the title, did not contain a warranty of title, but merely a stipulation that the abstract should show clear title, except as to specified encumbrances, which was evidently a condition precedent to the enforced condition of acceptance of the property; hence, there could be no recovery for a breach of warranty.

10. *Same; Performance; Procuring Conveyance by Another.*—Under an agreement for an exchange of property by which plaintiff agreed to transfer to defendant the certain lot, plaintiff could not perform by tendering deeds from other parties, unless defendant waived a deed from plaintiff; hence, there was a fatal variance between a count alleging an agreement to cause the lot to be conveyed to defendant, and evidence showing an agreement to transfer it.

11. *Same.*—Under such an agreement, a defendant could waive a personal deed from plaintiff and accept a title directly from other parties in full discharge of plaintiff's obligations.

12. *Same; Instructions.*—Where there was evidence tending to show a waiver by defendant of a personal conveyance to him from plain-

tiff, a charge asserting that plaintiff could not recover unless he conveyed to defendant in accordance with the contract was misleading.

13. *Evidence; Parol to Vary Writing.*—Where the action was for a breach of agreement to exchange land, evidence as to a mistake in the written agreement as to the description of the land to be exchanged, or to show a parol understanding that the contract was to be left open for the defendant to get a quit claim deed was inadmissible; for if the writing misrepresented the actual agreement, the mistake must be corrected by a court of chancery.

14. *Appeal and Error; Harmless Error; Pleadings.*—Sustaining demurrers to special replications is harmless where the matters therein set up are available under other replications to which no demurrers were sustained.

15. *Same; Evidence.*—In an action for breach of agreement to exchange land, the admission of evidence as to plaintiff's ownership of the house and lot when the agreement was made, although immaterial, was not prejudicial where this fact otherwise appeared, and was not controverted.

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER, Special Judge.

Action by H. T. Moore against C. S. Whitmire for breach of contract and for deceit. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Count 1 is for the breach of the following agreement: "It is agreed between H. T. Moore and C. S. Whitmire as follows: Moore is to transfer to Whitmire lot 4, block 9 E., East Lake Land Company survey, 50x100 feet, in consideration of a transfer to him by Whitmire of the following: 540 acres of land in sections 24 and 25, township 18, range 1 east, situated in Shelby county. Each party to the contract is to furnish an abstract showing a good title to said lands. Moore's property is to be free from all incumbrances and in fee simple, except a mortgage for $500 which Whitmire agrees to assume. Whitmire's property to be free from all incumbrances and in fee simple, except 80 acres. Thirty days shall be given each party to correct any defect to be found in the title."

Plaintiff, Moore, alleges that he has complied with the contract on his part, but that said Whitmire has failed to transfer to him the said land, and to furnish him with an abstract showing a good title thereto. Count 2 is in case for deceit in inducing plaintiff to pay the purchase money, and procure a conveyance to defendant of a certain city lot, by falsely representing that he owned 540 acres of land in Shelby county, with the right to sell and convey the same. Count 3 is for defendant's breach of warranty in the sale of said land to plaintiff. Count 4 is substantially like count 1, except the allegation is that plaintiff's obligation was to cause the lot described to be conveyed to defendant. Count 5 declares on the common count. Counts A and B claim $5,000 of the purchase price for lands sold and conveyed to defendant. Demurrers were filed and sustained to counts 2, 3, and 4, and also to count 2 as amended. Defendant pleaded three special pleas to count 1 as follows: "(1) Plaintiff has breached his part of the contract set up in the complaint in this, to wit: Plaintiff has never conveyed or offered to convey to defendant the said lot situated at East Lake.

"(2) Plaintiff failed within the time stipulated within said contract to execute and deliver to said defendant any deed or instrument in writing conveying or purporting to convey to defendant the said property or lot at East Lake described in the complaint.

"(3) Plaintiff failed to transfer the lot mentioned in the complaint, but, on the contrary, has tendered a deed purporting to have been executed by persons other than himself."

Plaintiff filed six replications to these pleas, to which demurrers were sustained, except as to replication F, as follows: "That defendant had accepted the deed to

lot 4, * * * described in the contract, as a full compliance on the part of plaintiff."

These rulings on the pleading, together with several rulings on the evidence and several charges given and refused constitute the assignments of error.

EDWARD JENKINS, for appellant.

ARTHUR L. BROWN, for appellee.

SOMERVILLE, J.—Count 2 of the complaint, which is in case for deceit, was not, as amended, subject to any of the specified grounds of demurrer. To support this phase of the complaint it was not necessary that the transaction out of which the deceit arose should have been evidenced by a writing. And, even if the substantive law were otherwise, it is never necessary for the complaint to allege or show a writing in conformity with the requirements of the statute of frauds. The absence of such a writing is matter only of defense, unless affirmatively apparent on the face of the complaint, as has been many times declared. The trial court erred in sustaining the demurrer to this count.

Only general grounds of demurrer were interposed to the defendant's special pleas, and there was no error in overruling them.

The plaintiff's replication D was a departure from the complaint, and also otherwise defective; and, the matter set up in the other special replications which were eliminated being also available under special replication F, no prejudice could have resulted to the plaintiff from the rulings on demurrers thereto.

Whether or not the plaintiff owned the house and lot in East Lake at the time of the trade with the defendant was, of course, not material to the validity of

the agreement; but the fact was otherwise in evidence, and was not controverted. Hence there was no prejudice from the allowance of this question put to the plaintiff by the defendant.

Whether the plaintiff had ever himself executed a deed of the lot to the defendant was a matter within the scope of the pleadings, and was properly admitted.

The fact that the plaintiff paid out money to procure the abstract of title to the lot was not, under the pleadings, admissible as an element of recoverable damage, and was properly excluded.

It was not competent in this action for the defendant to show that there was a mistake in the written agreement between them as to the description of the property traded by him, nor could he contradict or vary the terms of the agreement by showing a parol understanding that "the contract was to be left open for him to get the quitclaim deed." On settled principles of law, if the writing misrepresents the actual agreement, the mistake must be corrected, if at all, by a court of chancery.

The fact that the defendant, after his failure to secure quitclaims to the Shelby county lands, offered to reconvey the lot to the plaintiff was not material to the issues, and should have been excluded.

Properly construed, the agreement for the exchange of properties does not contain a warranty of title as to a purchaser, but merely a stipulation—evidently a condition precedent to the enforced acceptance of either property—that the abstracts should show clear titles, except as to the specified incumbrances. The trial judge properly charged the jury that the plaintiff could not recover under the third count for the breach of a warranty.

Count 4 claims upon an agreement by which the plaintiff undertook to *cause* the lot to be conveyed to the defendant; whereas the agreement shown required *the plaintiff to transfer it*. We think the variance was sufficient to justify the general affirmative charge for the defendant on this count; for we cannot say, as matter of law, that the personal deed of the plaintiff to the defendant contained no element of value to the latter. And, unless waived by the defendant, the language of the writing imported and required the making of such a deed.

There was no basis for any recovery in this case upon the common counts, and the jury were properly so instructed.

It was, however, competent for the defendant to waive a personal deed from the plaintiff, and to accept the title directly from another source, in full discharge of the plaintiff's obligation in the premises. Charge 4, given for the plaintiff, thus correctly instructs the jury. The plaintiff complains, however, of a charge given for the defendant that, to find a verdict for the plaintiff, the jury must be reasonably satisfied that he "conveyed the lot to the defendant in accordance with the stipulations of the contract set up in the first count of the complaint." Abstractly considered, this charge is certainly correct; but, as applied to the evidence, which tended to show a waiver by the defendant of a direct personal conveyance to him from the plaintiff, it was at least misleading, and should not have been given without the qualification stated.

It is insisted for the appellee that the various rulings on the pleadings and evidence were, in any case, without prejudice; since (as argued) the written agreement was entirely void for want of a sufficient description of the land to be transferred by the defendant to the

plaintiff. The answer to this argument is that, whether the original writing was fatally defective or not, and whether the subsequent endorsement of definite land numbers on the back of the writing by the parties jointly made them a part of the writing in compliance with the statute of frauds or not, nevertheless, in the absence of any plea of the statute of frauds, it was competent for the plaintiff to prove and recover upon a verbal emendation of the written description, made while the contract was still in fieri.—*Patterson v. Ware,* 10 Ala. 44; *Shakespeare v. Alba,* 76 Ala. 351; *Espalla v. Wilson,* 86 Ala. 491, 5 South. 867; *Butler v. Kent,* 152 Ala. 594, 44 South. 863.

For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and ·DE GRAFFENRIED, JJ., concur.