## WEST v. BAUDUIT.

Court of Appeals of District of Columbia.
Submitted May 9, 1929. Decided June 3, 1929.

No. 4779.

Royal A. Hughes, of Washington, D. C., for appellant.

Alvin L. Newmyer and Milton W. King, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment for the plaintiff (appellee here) in an action of assumpsit in the Supreme Court of the District. The declaration is in two counts. In the first count, plaintiff sought to recover the reasonable value of services rendered by her to defendant's testatrix, Sarah V. Dunlop, for approximately four years; in the second count, to recover for the use and occupation of part of plaintiff's premises by the defendant executor for two years and five months after his appointment and qualification as executor.

The evidence for the plaintiff was to the effect that during the time covered by plaintiff's claim she had rendered Mrs. Dunlop, who died in November of 1923, general care and attention; several witnesses testifying, without objection, that Mrs. Dunlop had stated in their presence that, if plaintiff would look after and care for her during the

rest of her life, "she would leave plaintiff everything she had." There was also evidence tending to support the claim made in the second count of the declaration.

The court charged the jury, in part, as follows: "There is testimony on the part of the plaintiff tending to show that there was an agreement between the plaintiff, Bauduit and the decedent, Sarah V. Dunlop, under the terms of which ¹the decedent Sarah V. Dunlop in return for the plaintiff's taking care of her that Sarah V. Dunlop would leave her all her property by will, which of course under the testimony you will realize she did not do. If such a contract as that existed and Sarah V. Dunlop failed to carry out her part of the agreement, then the plaintiff can recover the reasonable value of the services which she rendered. * * * As I said, if they (the services) were rendered upon an agreement to be compensated for by a provision in the will, then she can recover the reasonable value of her services."

■ The principal contention of defendant is based upon his prayer No. 4, denied by the court, in which he sought to have the jury instructed that, even though it should be found from the testimony that there was an express contract "for the rendering of services by the plaintiff to the decedent, during the latter's lifetime, and for the rendition of which services the decedent promised and agreed to compensate the plaintiff, yet, unless the compensation was to be in money and nothing else, the plaintiff is not entitled to a verdict."

The court properly refused this prayer. The rule is that, where services are rendered under a promise that payment shall be made by general bequest or devise, and such bequest or devise is not made, the one rendering the services may maintain an action in assumpsit for their reasonable value. Drury v. Gorrell, 44 App. D. C. 518; Hamilton v. Thirston, 93 Md. 213, 48 A. 709; Smith v. Smith's Adm'rs, 28 N. J. Law, 208, 78 Am. Dec. 49; McElroy v. Ludlum, 32 N. J. Eq. 828; Mills v. Joiner, 20 Fla. 479; Bucki & Son v. McKinnon, 37 Fla. 391, 20 So. 540; Butler v. Kent, 152 Ala. 594, 44 So. 863; Lane v. Calby, 95 App. Div. 11, 88 N. Y. S. 465; Wallace, Administrator, v. Long, 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222; Grant v. Grant, 63 Conn. 530, 29 A. 15, 38 Am. St.

Rep. 379. See, also, Burke v. Claughton, 12 App. D. C. 182, 187. In such circumstances, the oral contract being unenforceable, because either too indefinite or in violation of the statute of frauds, the law creates an implied contract. Plaintiff in this case did not declare upon the unenforceable contract, nor for damages for the breach of it. She sought and was permitted to recover for the reasonable value of services actually performed. The testimony that the decedent had stated that, if plaintiff would take good care of her, "she would leave plaintiff everything she had," was not offered or received for the purpose of establishing an unenforceable contract, but to serve as evidence that plaintiff's services were not gratuitously rendered. Butler v. Kent, 152 Ala. 594, 44 So. 863.

■ Defendant also sought to have the jury instructed that no recovery could be had "for any money which the jury may find from the evidence the plaintiff was entitled to receive from Sarah V. Dunlop monthly, and which money was not sued for within the period of three years after the same became due and payable." This was denied; the court instructing the jury as follows: "The law of the District provides that an action for breach of contract must be brought within three years from the time the cause of action accrues. The action for services must be brought within three years from the time the services were performed, but if the agreement was that they were to be compensated for by a provision in the will, then no cause of action arose until the death of the decedent, and her failure at her death to leave a will making this provision, so that if that was the agreement, then the statute of limitations has no application. If, however, the services were performed simply under an understanding or arrangement by which they were to be compensated for, and the manner of compensation was not fixed, then the statute of limitations would run and the plaintiff could not recover for services rendered before November 11, 1920." The charge as given was correct. Drury v. Gorrell, 44 App. D. C. 518. Moreover, there was no evidence upon which to base the rejected prayer.

We have carefully examined other contentions of defendant, and, finding them without merit, affirm the judgment, with costs.

Affirmed.