**STUTLER v. HEFLIN et al.**
No. 13886.

District Court of the United States for the District of Columbia.

Aug. 25, 1942.

540

James E. Artis (Wilkes, McGarraghy & Artis), of Washington, D. C., for plaintiff.

Harry L. Ryan, Jr. (of Whiteford, Hart & Carmody), and James P. Tierney, both of Washington, D. C., for defendants.

PINE, District Judge.

Defendants have filed a motion for judgment in their favor, or in the alternative for a new trial.

### The Motion for Judgment.

This action seeks compensation for room and board alleged to have been furnished by plaintiff to one Mollie Bee, deceased. She resided at plaintiff's home a long period of time. There was evidence that it was forty years. She was a sister of the wife of plaintiff. Plaintiff's wife died in 1940. Their only child, Ross Stutler, died in 1941. Miss Bee died shortly thereafter. Her will, dated May 18, 1940, bequeathed her entire estate to Mrs. Stutler, plaintiff's wife, or to Ross Stutler, plaintiff's son, in event Mrs. Stutler predeceased her.

As above stated, both Mrs. Stutler and Ross Stutler predeceased Miss Bee. Ross Stutler left no issue. There was no residuary provision in Miss Bee's will. In legal effect, therefore, she died intestate (George Washington University v. Riggs National Bank, 66 App.D.C. 389, 88 F.2d 771), and plaintiff does not share in her estate. Her personal estate, according to the inventories filed in the probate cause, exceeds $20,000 in value. The jury returned a verdict for the plaintiff in the amount of $11,840.

Defendants' motion for judgment apparently is based upon their motion for a directed verdict made at the close of all the evidence. In considering such a motion, the Court must construe the evidence most favorably to the plaintiff and give the plaintiff the full effect of every legitimate inference therefrom. If then, upon the evidence so considered, reasonable men might differ, the motion should not be granted. On the other hand, if no reasonable man could reach a verdict in favor of plaintiff, the motion should be granted.[1]

No useful purpose would be served by reviewing all the testimony, inasmuch as excerpts from the testimony of one disinterested, unimpeached witness would seem to be sufficient for a determination of this motion. It is the testimony of Mrs. Catherine Estelle Hartman, who lived in the home of plaintiff from November, 1940, to April 1, 1942, and who became acquainted with Miss Mollie Bee and had occasion to talk with her quite frequently. She testified that in the fall of 1940 Miss Bee said to her that "she had made her home with Mr. Stutler for around forty years"; that "she had never paid them for the time she had been there; that he had been good to her and she intended and agreed to pay Mr. Stutler for all they had done for her by leaving what she had to the Stutler home." She further testified that, on another occasion, Miss Bee had stated that "they (the Stutler family) had been good to her all the forty years she had made her home with them, and no matter what she left them she could never repay what they had done for her, and she agreed to leave what she had to Mr. Stutler and family." Her testimony, without more (although it should be stated that there was corroboration), supports the essential elements of the plaintiff's right to recover, namely, the furnishing of room and board by plaintiff to Miss Bee and the understanding that they should be paid for. Miss Bee did not make a bequest to Mr. Stutler. She did make one to the members of his family, which lapsed. Where services are rendered under a promise that payment shall be made by bequest, and such bequest is not made, as here, the one rendering the services may maintain an action in assumpsit for their reasonable value. West v. Bauduit, 59 App. D.C. 74, 75, 33 F.2d 370.

In this case the jury were instructed that for the plaintiff to recover he must show, by a preponderance of the evidence, first that room and board were furnished by the plaintiff to Miss Bee; and second, that room and board were furnished with the understanding of both parties that they should be paid for and that they were not furnished gratuitously. Further, the jury were instructed that if they did find for the plaintiff, they should next take up the amount of their verdict, and in that connection they were instructed that if there were

---

[1] Best v. District of Columbia, 291 U. S. 411, 415, 54 S.Ct. 487, 78 L.Ed. 882; Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Jackson v. Capital Transit Co., 69 App.D.C. 147, 148, 99 F.2d 380; Boaze v. Windridge & Handy, 70 App.D.C. 24, 102 F.2d 628.

no express agreement as to payment, then their verdict for the plaintiff should be for the reasonable value of the room and board furnished since May 23, 1938, three years prior to the date of Miss Bee's death. Further, the jury were instructed that if they found that there was an express agreement during the time that room and board were furnished to Miss Bee, and the agreement was simply to pay for them, and the manner of compensation was not fixed, the statute of limitations would likewise apply and that they should find for the plaintiff for the reasonable value of the room and board for three years prior to the death of Miss Bee. Lastly, they were instructed that if they found that there was an agreement to pay for them by providing for the payment in Miss Bee's will, then the statute of limitations would not apply, because the cause of action would not accrue until her death, and the plaintiff would be entitled to recover for the reasonable value of the room and board for the whole time that the jury found, from the evidence, that she received them. Again, the testimony of Mrs. Hartman, and the corroboration in the record, may be looked to as an evidential basis for the last instruction in respect of the statute of limitations, namely, that Miss Bee "agreed to leave what she had to Mr. Stutler and family" in payment for what they had done for her. The legal basis for this instruction is found in the case of West v. Bauduit, supra.

In these circumstances, and construing the evidence most favorably to the plaintiff, and giving him the full effect of every legitimate inference therefrom, I am of the opinion that the question of whether or not the plaintiff established the essential elements of his claims, including his claim that the statute of limitations had no application and that he was entitled to the reasonable value of the room and board for the full period of time, was not one of law but one of fact to be settled by the jury. Accordingly, the motion for judgment notwithstanding the verdict, is denied.

#### The Motion for a New Trial.

The other points raised in the defendants' motion as a basis for a new trial have been carefully considered, but they do not appear to warrant the granting of the motion for a new trial.