**Mazie M. VITO, Appellant,**

**v.**

**James VITO and Harold B. Bonart, Appellees.**

**No. 14943.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 6, 1959.

Decided Nov. 25, 1959.

556

Mr. Jo V. Morgan, Jr., Washington, D. C., for appellant.

Mr. W. Cameron Burton, Washington, D. C., with whom Mr. H. George Schweitzer, Washington, D. C., was on the brief, for appellee Vito. Mr. Ward

B. McCarthy, Washington, D. C., also entered an appearance for appellee Vito.

No appearance for appellee Bonart.

Before EDGERTON, FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellee, James Vito, sought a judgment declaring his right to convey specifically identified real property. In his complaint he alleged that his wife, appellant Mazie M. Vito, on October 30, 1956 had been duly adjudicated *non compos mentis*, and he asked that a guardian ad litem be appointed. That step was taken. The guardian filed a report in lieu of answer but admitted the adjudication of incompetency and that on December 13, 1956, Mr. Vito had purchased Lot 80 in Square 37 in the District of Columbia.[1] Appellee Bonart answered the complaint. He admitted he had entered into a binding contract to purchase that particular property and prayed for the entry of an order to enable Mr. Vito to convey a "good, complete and insurable title to the property." After denying Mrs. Vito's motion for summary judgment, the District Court entered a judgment authorizing Mr. Vito to convey to appellee Bonart the described premises "as fully as if the said James Vito were unmarried." The guardian has appealed.

The record shows that on October 3, 1957, Mr. Vito contracted to sell the described real estate to Mr. Bonart.[2] Appellant concedes that Mr. Vito at any time up to November 29, 1957 could have conveyed a clear title without his wife's joining in a deed through a guardian. He correctly so concludes, for ever since 1901,[3] D.C.Code § 18–204 (1951) had provided, in pertinent part:

"Where any married woman is a lunatic or insane, and has been so found upon inquisition, and the said finding remains in force * * * the husband of such lunatic or insane * * * person may grant

1. He. joined in asking that the District Court ascertain and declare the interest of Mrs. Vito in that property.

2. The settlement date was set for December 23, 1957.

3. Act of March 3, 1901, 31 Stat. 1375.

and convey by his separate deed * * * as fully as if he were unmarried, any real estate which he may have acquired since the finding of such inquisition * * *."

But, the guardian now argues, the husband's sole authority so to execute a deed was terminated as of November 29, 1957, by Public Law 85-244,[4] section 3(b) of which reads in pertinent part:

"The intestate share * * * shall attach to all real property owned by husband or wife during coverture: *Provided*, That neither husband nor wife hereafter shall have the right to convey, transfer or encumber his or her real property free of the surviving spouse's interest in case of intestacy, as provided in this Act, without joinder of the other spouse."

Appellant's reliance upon the foregoing provision is misplaced. Although the Act specifically repealed many sections of the 1901 Act, Congress voiced no such repealer of section 18-204, supra. Under that section rights had accrued both in Mr. Vito and in Mr. Bonart.[5] The real estate here, the subject matter in suit, had been acquired subsequent to the adjudication of incompetency, the finding as to which had not thereafter been disturbed. The contract of sale had been entered into by Messrs. Vito and Bonart before the effective date of the 1957 Act.

It is fundamental that a "retrospective operation will not be given to a statute which interferes with antecedent rights, or by which human action is regulated, unless such be 'the unequivocal and inflexible import of the terms, and the manifest intention of the legislature.'" Union Pac. R. R. v. Laramie Stock Yards, 1913, 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179; Cameron v. United States, 1914, 231 U.S. 710, 720, 34 S.Ct.

244, 58 L.Ed. 448; and see Kalis v. Leahy, 88 U.S.App.D.C. 166, 188 F.2d 633, certiorari denied, 1951, 341 U.S. 926, 71 S.Ct. 797, 95 L.Ed. 1358.

The judgment of the District Court is Affirmed.

crued during coverture but prior to the adjudication as to her insanity. Cf. Mead v. Phillips, 1943, 77 U.S.App.D.C. 365, 135 F.2d 819, 147 A.L.R. 322.

---

4. Act of August 31, 1957, 71 Stat. 560, which became effective ninety days after the date of its enactment.

5. As to possibly other property, Mrs. Vito herself may have had rights which ac-