# Allen, *et al, v.* Bromberg, *et al.*

### *Bill to Enjoin the Probate of a Will.*

(Decided April 28th, 1906. 41 So. Rep. 771.)

1. *Wills; Contract to Make Will; Enforcement.*—A court of equity will enforce a valid agreement made by a person to dispose of his property by will in a particular way.

2. *Same; Remedies for Breach.*—A valid contract for the disposition of property by will in a particular way, can only be enforced by fastening a trust on the property of the person making the agreement, on testator's death, in favor of the promisee, and enforcing it against the heirs and personal representatives of the testator, or those holding under them, charged with notice of the trust. The will is not set aside, but the executor heir or devisee is made trustee to perform the contract, hence it is necessary that the will be first probated, else it cannot be recognized.

3. *Same.*—A person made a contract to execute a will containing certain provisions and naming certain persons as executors, which contract was performed. Thereafter this will was revoked by the execution of another will containing different provisions, but naming same executors. Held; this fact did

[Allen, *et al.* v. Bromberg, *et al.*]

not give the bill equity, as the contract could not be enforced by setting aside the last will and probating the former, as it was revoked by the execution of the later will, and can be revived only by the expressed intentions of the testator himself. —§§ 4264, 4266, Code 1896.

APPEAL from Mobile Chancery Court.

Heard before HON. THOMAS H. SMITH.

This was a bill filed by Bromberg and others, as executors of the last will and testament of Frederick Johnston, deceased, against Edward P. Allen, the Roman Catholic bishop of Mobile, the Catholic charities, and others, and sought to enjoin the probate of a will purporting to have been the last will and testament of Mary Johnston, wife of Frederick Johnston. The case made by the bill is that Johnston and his wife, both being over 60 years of age, and having no children, no mother and father living, and no near kin, agreed to execute similar wills, leaving their property, which consisted of certain real property and personal property, owned in severalty by each, each having such property in his or her own right, to the other during life of the survivor, and to certain charities, widows and orphans, in the city of Mobile. It alleges the execution of similar wills by each before same witnesses and of same date, the death of Frederick Johnson, and the probate of the original will left by him; the discovery subsequently of another and later will left by him and a similar will made by his wife; that the probate order admitting the first will to probate was annulled, and an order made admitting the latter will of Johnston to probate, naming the present appellees as executors; that the widow filed a dissent from the will under the statute, and received the proceeds of the will while filing dissent; that executors and beneficiaries under Johnston's will compromised with her by giving her absolute property in certain bonds, together with the rents, incomes, and profits arising from the property left by Johnston and she re-executed the will similar to the husband's last admitted to probate; that later she executed another will, leaving her property to other objects than mentioned in the husband's

will; that she was very old when it was executed, and that its execution was in fraud of orators; that the executors named in the will of the wife were applying to the probate court to probate said last will of Mary Johnston, and unless restrained would do so. There was motion to dismiss bill for want of equity, and to dissolve injunction, which were overruled, and from such decrees this appeal is prosecuted.

SULLIVAN & STALLWORTH, for appellant.—The only rights sought to be defeated are such as are given by the will executed by Mary Johnston in 1905. Until that will is probated no rights or claims exist that can be litigated.—*Ellis v. Davis*, 109 U. S. 485; 4 Mayfield's Dig. p. 1151, § 237, p. 1164, § 522 p. 1171, § 701 and pp. 1172 and 1181. The only theory upon which the bill can be sustained is that Mary Johnston could not revoke her will made in 1902. This is not tenable.—*Jordan v. Jordan*, 65 Ala. 305; *Reid v. Shergold*, 10 Ves. Jr., 370; *Blackburn v. Adams*, Eccl. Rep. 278. Although one may make a binding irrevocable contract to make a certain will, he can revoke the will made in pursuance thereof. —*Anderson v. Egger*, 55 L. R. A. 375; *Johnson v. Hubbell*, 66 Am. Dec. 773. One may revoke a will in several ways.—§ 4165, code 1896; *Baker v. Bell*, 49 Ala. 234. The chancery court had no jurisdiction to direct the probate of any will.—*McCutchen v. Logging*, 109 Ala. 462, nor has it jurisdiction to determine the right of complainants to administer upon the estate of Mary Johnston.— *Ex parte Lunsford*, 117 Ala. 228; *Lunsford v. Lunsford*, 122 Ala. 247. In the event it should appear that Mary Johnson bound herself to make the will executed by her in 1902 her last will, the courts will not set aside such will but will require the executor or devisee to become trustees to perform the contract.—*Bolman v. Overall*, 80 Ala. 451. A contract that will not support an action for the breach thereof cannot be specifically enforced.— *Kent v. Dean*, 128 Ala. 600. A bill in equity seeking the enforcement of the parol trust in real property devised by will is without equity.—*Moore v. Campbell*, 102 Ala. 445.

· FREDERICK G. BROMBERG, for appellee.—The executors as individuals acquired valuable rights under the terms of the agreement which they could insist upon in their capacities as individuals and as executors of the will of the husband.—§ 219, code 1896; *Young v. Hawkins,* 74 Ala. 373; *Bessemer v. Rosenbaum,* 137 Ala. 534. Equity will require the wife to carry out the agreement made with the husband.—*Carmichael v. Carmichael,* 40 N. W. 173; *Truett v. Smith,* 20 Atl. Rep. 279.

The death of one of the parties in such a case carries his part of the contract into execution and the other party may not rescind the contract.—*Dufour v. Pereira,* 1 Dick. 419; 3 Cliff. 169; 20 Fed. Cas. 1033.

DENSON, J.—The bill in this case was filed to enjoin the probate of a will in the probate court of Mobile county, upon the allegation that its execution was in violation of a contract, made between the testatrix, and her husband, to execute similar wills, with the same executors, each in favor of the other for life, with remainder to certain public charities. The bill avers that the contract was performed upon the part of the husband who died first, and that the testatrix, his wife, accepted the benefits therefrom. It further avers that the testatrix in 1902 made a will in conformity with her contract with her husband, but in 1905 had executed the will containing different dispositions, the probate of which is opposed. The persons named as executors in the will of 1905, and the beneficiaries therein, are made parties defendant. The injunction prayed for in the bill was granted. This appeal is from the refusal to dissolve the injunction and to dismiss the bill for want of equity.

It cannot be doubted that a person may make a valid agreement to dispose of his property by will in a particular way, and that a court of equity will require its performance.—*Bolman v. Overall,* 80 Ala. 451, 2 South. 624, 60 Am. Rep. 107. In the case cited it is said: "It is not claimed, of course, that any court has the power to compel a person to execute a last will and testament carrying out his agreement to bequeath a legacy; for this can be done only in the lifetime of the testator, and

[Allen, *et al.* v. Bromberg, *et al.*]

no breach of the agreement can be assumed as long as he lives, and after death he is no longer capable of doing the thing agreed by him. But the theory on which the courts proceed is to construe such agreement, unless void under the statute of frauds or for other reason, to bind the property of the testator or intestate so far as to fasten a trust on it in favor of the promisees, and to enforce such trust against the heirs and personal representatives of the deceased or others holding under them charged with notice of the trust. The courts do not set aside the will in such cases, but the executor, heir, or devisee is made a trustee to perform the contract."

As a contract for the execution of a will with particular provisions can be specifically enforced only by fastening a trust on the property of the testator in favor of the promisee and enforcing such trust against the personal representatives and others claiming under the will violating the terms of the contract, it is necessary that the will be first probated, "for it cannot be recognized in any forum until admitted to probate."—*Describes v. Wilmer*, 69 Ala. 25, 44 Am. Rep. 501. Nor does the fact that the agreement embraced the appointment of the same executors in both wills give equity to the bill. As stated, no breach of the agreement in any of its parts can be assumed as long as the testator lives, and after his death he is no longer capable of doing the thing agreed upon. Such agreement could be specifically enforced only by setting aside the latter will and probating the former. This could not be done. A will is in its very nature ambulatory, subject to revocation during the life of him who signed it, and is revoked by the execution of another will.—Code 1896, § 4264. After such revocation it can be revived only by the expressed intention of the testator himself.—Code 1896, § 4266.

For the reasons above given, a decree will be here rendered dissolving the injunction and dismissing the bill for want of equity.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.