# Wilson *v.* Bostick.

## *Contest of Will.*

### Decided June 13, 1907.  44 South. 389.)

1. *Wills; Revocation; Second Will.*—The execution of a second will is a revocation of the first, under section 4265, Code 1896.

2. *Same; Evidence; Sufficiency.*—One witness is insufficient to show a revocation of a second will by its being burned, torn or cancelled by an other than the testator, under the express terms of 4265, Code 1896.

APPEAL from Tallapoosa Probate Court.

Heard before Hon. G. A. SORRELL.

Application by G. F. Wilson for probate of a will and contest by M. J. Bostick. From a judgment refusing probate, proponent appeals. Affirmed.

JAMES W. STROTHER, and LACKEY & BRIDGES, for appellant.—Something more than mere weakness of mind is necessary to show testamentary incapacity.—*Bulger v. Ross*, 98 Ala. 267; *Berney v. Torrey*, 100 Ala. 157; *Scheiffelin v. Scheiffelin*, 127 Ala. 14; *Garrett v. Heflin*, 98 Ala. 618. The insanity or mental defect rendering a testator incompetent must be shown to be of a permanent character.—*Johnson v. Armstrong*, 97 Ala. 731; *Murphey v. Senn*, 167 Ala. 424. Where there is no evidence to support the contention of a party to a cause it is error to submit such a question to the jury.—*Johnson v. Armstrong, supra; Crane v. The State*, 111 Ala. 45; *Wisdom v. Reeves*, 110 Ala. 418.

BULGER & RYLANCE, for appellee.—The objections to the questions propounded to the witness Carlisle were

properly overruled.—*Parrish v. The State*, 139 Ala. 42.
Rowe's testimony was competent.—*Barker v. Bell*, 46
Ala. 216; s. c. 49 Ala. 392; *Woodruff v. Hundley*, 127
Ala. 640. Charge 2 was properly given for appellee.—
*Scheiffelin v. Scheiffelin*, 127 Ala. 129; *L. & N. R. R.
Co. v. Sullivan*, 126 Ala. 95; *Southern Ry. Co. v. Riddle*, 126 Ala. 244. The burning of the second will could
not be proven by the testimony of one witness where it
was burned and destroyed by another than the testator.
—Sections 4265-4266, Code 1896. The execution of the
second will revoked the first will.—*Barker v. Bell*,
*supra*; *Law v. Law*, 83 Ala. 433.

DOWDELL, J.—Apart from and besides the testi-
mony of the witness Rowe as to the execution of a subse-
quent will to the one propounded for probate, which was
admitted over the objection of the proponent, and which
action of the court was excepted to and here assigned
as error, there was other evidence by Spinks and Wilson
going to prove a subsequent will. Spinks testified that
he and Rowe subscribed their names as attesting wit-
nesses to the execution of such subsequent will. Excep-
tions were taken to the ruling of the court on the admis-
sion of Spinks' evidence, but there is no assignment of
error as to the ruling. The evidence as to the execution
of the subsequent will was without dispute. The exe-
cution of the second will was a revocation of the former
or first will.—Code of 1896, § 4265; *Barker v. Bell*, 49
Ala. 284. This was one of the grounds of contest of the
proposed will.

The proponent sought to show that the proposed will
was re-established by the destruction by burning of the
second or subsequent will. To this end the proponent,
testifying as a witness without objection, swore that he
(witness) burned the subsequent will in the presence of

[Nettles, et al. v. McConnell.]

and at the request of the testator. He was the only witness that testified to this fact. Section 4265 of the Code of 1896 contains the following provision relative to the revocation of wills: "And when any will is burned, torn, canceled, or obliterated by any other person than the testator, his direction and consent thereto, and the fact of such burning, canceling, tearing, or obliteration, must be proved by at least two witnesses." The evidence of one witness was insufficient, under the statute, to show a revocation of the second will by the burning of the same by any person other than the testator himself. On the undisputed evidence the trial court might well have given the general charge requested by the contestant; and, this being true, the giving of other charges requested, as shown in the record, resulted in no injury of which the proponent can complain.

Our conclusion renders it unnecessary to discuss the question of undue influence or mental incapacity relating to the execution of the will propounded for probate. Finding no reversible error in the record, the decree of the probate court will be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.