(76 South. 390)

WALKER et al. v. YARBROUGH et al.

(4 Div. 656.)

(Supreme Court of Alabama. May 31, 1917. On Application for Rehearing, June 28, 1917.)

1. WILLS ⬅78, 79—CONTRACT TO MAKE.

Either a will pursuant to contract for a valuable consideration is irrevocable or the contract prevents a beneficial interest passing to others under a subsequent will.

2. WILLS ⬅284—SETTING ASIDE PROBATE—PLEADING—ANSWER OR DEMURRER.

The bill to revoke probate of a will and to have a later will declared the last will, as revoking the earlier, and admitted to probate, setting out the first will which recited it was on a valuable consideration, and not denying the truthfulness of the recital, the point of the binding effect of the contract may be raised by demurrer, and answer is unnecessary.

3. WILLS ⬅67—REVOKING PROBATE—NECESSITY OF CROSS-BILL—MATTER OF DEFENSE.

Where a will showing it is pursuant to a contract for a valuable consideration has been admitted to probate, and a bill is filed to revoke the probate, and to have a later will to others admitted to probate, a bill or cross-bill for specific performance or to establish a trust, on the ground of the binding effect of the contract, is unnecessary, but this may be availed of by way of defense.

McClellan, J., dissenting.

Appeal from Chancery Court, Houston County; O. S. Lewis, Chancellor.

Suit by Mrs. W. H. Yarbrough and others against R. H. Walker and others. From an adverse decree, the named defendant appeals. Reversed, rendered, and remanded.

The bill in this case was filed by the appellees against the appellant and other respondents. So far as pertinent to the matters involved in this appeal the bill alleges the following: That the appellees were brothers and sisters of one Easley Walker, deceased, and that the appellant R. H. Walker was the husband of Easley Walker, deceased; that the said Easley Walker died in Houston county, Ala., possessed of real and personal property; that on the 4th day of September, 1915, the respondent R. H. Walker propounded for probate a paper purporting to be the last will and testament of the said Easley Walker, a copy of which is made an exhibit to the bill; and that said paper was probated on the 2d of October, 1915; that on the 1st day of October, 1915, one of the complainants, Mrs. W. H. Yarbrough, filed an instrument purporting to be a will executed by the said Easley Walker on July 3, 1915, and prayed for the proper orders to be made to admit said paper to probate; that the probate court disregarded the petition for probating the bill of July 3, 1915, which was presented by the complainant Mrs. Yarbrough, and on the 2d day of October, 1915, probated the will of date December 17, 1907, which had been propounded for probate by the said R. H. Walker. The bill alleges that the will of July 3, 1915, was the last will and testament of the said' Easley Walker, and that neither of the complainants contested in the probate court the will purporting to be the will of said Easley Walker and which had been propounded for probate by the said R. H. Walker.

In this original bill the complainants then contested the will of December 17, 1907, upon the ground that the said will of December 17, 1907, was not the last will and testament of the said Easley Walker, but that the will of July 3, 1915, the said Easley Walker executed was her last will and testament, and on the further grounds that on the 3d day of July, 1915, the said Easley Walker duly executed another will, thereby revoking the will which had been executed by her on December 17, 1907, and which had been propounded for probate by the said R. H. Walker.

The bill further alleges that in the will of July 3, 1915, complainants were named as the devisees, and a copy of the will of July 3, 1915, is also made an exhibit to the bill. The prayer of the bill is that the probate of the will of December 17, 1907, be set aside and held for naught; and that the will of July 3, 1915, be declared the last will and testament of the said Easley Walker; and that it be admitted to probate. The above are the facts of the bill sufficient to present the question on appeal to this court.

There were five grounds of demurrer assigned, but the demurrer presented a single question, and that is, as the will of December 17, 1907, was based upon a valid consideration moving from the said R. H. Walker, to Easley Walker, the said R. H. Walker, being named as devisee in said will, that then the said will was of binding force upon the said Easley Walker; and that she could not revoke the same by the execution of a subsequent will. The chancellor overruled the demurrer, and from this decree the appellant, R. H. Walker, prosecutes this appeal.

The instrument treated by all the parties as a will, the probate of which is here sought to be annulled and set aside, is made a part of the bill and referred to as "Exhibit A," and reads as follows:

### Exhibit A.

The State of Alabama, Houston County. Know all men by these presents, that whereas, my husband, R. H. Walker has by deed, conveyed to me our home, as well as other lands, and all his personal property that he now owns, or may acquire prior to his death, and whereas, he has heretofore deeded to me other lands, and I am at present, the owner in my own right of real estate, which in case of my death he could enjoy the use of, and for the purpose of forever keeping in the survivor the legal title of all that we each own, and in the consideration of the premises the grants heretofore made, as well as those made this day to me, and for and in consideration of the other and further sum of one dollar, to me in hand paid by my husband. R. H. Walker, the receipt of which, together with the other grants from him as above stated, I do herein bargain, sell and convey unto my said husband, R. H. Walker, all my right, title and interest I now have or may hereafter acquire in and to our home on the corner of Oates and Adams streets, in the town of Dothan, Houston county, Alabama, and better described in a deed this day executed by him to me for the same property, and it also being the house and lot now occupied by us as a home, and in which we at present reside together, with all the hereditaments and appurtenances thereunto belonging, or in any way appertaining, also all the household and kitchen furniture now in our possession, also all the cows, horses, buggies, and harness or tools on the place, or in our possession at the time of my death, also two hundred and forty acres of land lying and being situated 1½ miles S. W. of Neals Landing, in the county of Jackson, and state of Florida, and better described in a deed from R. H. Walker and all his heirs to me about seven years ago, i. e., to 40 acres, and from Frank H. and Robert L. Walker to 240 acres of it about three years ago, it being all the land I own in the state of Florida, and better known as the old Belser place. Also all the other property I now own, or may acquire prior to my death, or that I may

be seised or possessed at the time of my death, it being herein understood and agreed that this is to take effect only in case of my death prior to that of my husband, in which event it is my purpose in this instrument to convey unto him, his heirs and assigns, all my estate of every character, that I may, at the time of my death, be seised or in any manner be entitled to, to my said husband, R. H. Walker, his heirs and assigns forever. In witness whereof I hereunto set my hand and affix my seal, on this the 17th day of December, 1907.

Mrs. Easley Walker. [L. S.]

Attest: A. J. Smith.
W. L. Walker.

B. F. Reid, of Dothan, for appellant. Hill & Thigpen and O. C. Doster, all of Dothan, for appellees.

GARDNER, J. Appellees (complainants in the court below) seek by this bill to have the probate of the will of one Easley Walker, deceased, of date December 17, 1907, set aside and annulled upon the ground that the same was not the last will and testament of the said Easley Walker, but the last will was that of July 3, 1915, the execution of which revoked the said former will.

The bill alleges that the complainants did not contest the probate of the will of December 17, 1907, in the probate court, and they seek to have the will of July 3, 1915, declared the last will and testament of the said Easley Walker, and admitted to probate as such. The will of December 17, 1907, is shown by the bill to have been duly probated in the probate court of Houston county, Ala., on October 2, 1915, and is attached to the bill as an exhibit and asked to be taken as a part thereof, and is set out in the foregoing statement of the case. The will discloses upon its face that it was executed upon a valuable consideration based upon conveyances of real estate as well as personal property to the testatrix by the appellant R. H. Walker, who was her husband, the beneficiary named therein, and who, it is alleged, propounded the will for probate.

The recitals of the said will also show that the testatrix had received and accepted the valuable consideration upon which the same was based. The averments of the bill clearly disclose that the ground of contest is rested solely upon the fact that the testatrix, as alleged, executed the will of date July 3, 1915, thereby revoking the will of December 17, 1907. The due execution of the latter will is by no means attacked, but it is treated in all respects as legal and valid, with the exception of the insistence that it was revoked by the subsequent will. The demurrer takes the point that the bill showed upon its face that the will of December 17, 1907, was based upon a valid and valuable consideration moving from the said R. H. Walker to the said Easley Walker, and that the same was of binding force upon the latter, and could not be revoked by a subsequent will.

[1] In Manning v. Pippen, 86 Ala. 357, 5 South. 572, 11 Am. St. Rep. 46, this court,

speaking of an alleged promise to make a will which was in writing, and supported by a valuable consideration, said:

"The authorities are overwhelming, and rest on the soundest basis, that such a promise, supported by a valuable consideration, is valid and binding, unless assailed on some other sufficient ground."

This question is given consideration in Bolman v. Overall, 80 Ala. 451, 2 South. 624, 60 Am. Rep. 107, from which, for convenience, we take the following extracts:

"There is nothing in this contract which is repugnant to public policy. All the authorities agree that one may, for a valuable consideration, renounce the absolute power to dispose of his estate at pleasure, and bind himself by contract to dispose of his property by will to a particular person, and that such contract may be enforced in the courts after his decease, either by an action for its breach against the personal representative, or, in a proper case, by bill in the nature of specific performance against his heirs, devisees, or personal representative. The validity of such agreements, as remarked by Mr. Freeman, in a recent note on this subject to the case of Johnson v. Hubbell, 10 N. J. Eq. (2 Stockton) 332; .s. c., 66 Am. Dec. 773, 784, 'is supported by an unbroken current of authorities, both English and American.' "

"No doubt can be entertained as to the nature of the paper, executed by Mrs. Lohman on December 1, 1881, and delivered by her to Mrs. Bolman, and purporting to be the testator's last will and testament. It is clearly a will in form, being testamentary in frame and verbiage. But it is also a contract, in essence and fact, being executed, as stated on the face of the paper, 'in consideration of past and future treatment,' and, as shown by the bill, in furtherance of a previous parol agreement that it should be executed upon an admitted and specified valuable consideration. Cases are frequent in which instruments have been construed to be partly testamentary and partly contractual. And when based on a valuable consideration, a paper, in form a will, may, especially when delivered to a party interested, or to another for him, constitute legally and in fact an irrevocable contract."

"The power to make such a will having been renounced, the attempt to exercise it is deemed a fraud on the rights of the promisee under the contract, thus bringing into exercise another ground of equity jurisdiction. As said by Lord Camden in Dufoor v. Perran (quoted by Hargrave in his Judicial Arguments, vol. 2, p. 310), there is no difference between one's promising to make a will in such a form and making such will with a promise not to revoke it."

In the above case our court cites the case of Johnson v. Hubbell, 10 N. J. Eq. 332, 66 Am. Dec. 773, from which we take the following quotation:

"There can be no doubt but that a person may make a valid agreement, binding himself legally to make a particular disposition of his property by last will and testament. The law permits a man to dispose of his own property at his pleasure, and no good reason can be assigned why he may not make a legal agreement to dispose of his property to a particular individual, or for a particular purpose, as well by will as by a conveyance to be made at some specified future period, or upon the happening of some future event. It may be unwise for a man, in this way, to embarrass himself as to the final disposition of his property, but he is the disposer, by law, of his own fortune, and the sole and best judge as to the time and manner of disposing of it. A court of equity will decree the specific performance of such an agreement upon the recognized principles by which it is governed in the exercise of

this branch of its jurisdiction. In the case of Rivers v. Rivers' Ex'rs, 3 Desaus. (S. C.) 195, 4 Am. Dec. 609, the court, in sustaining the propriety of a court of equity recognizing and enforcing such an agreement, very properly remarked that a man might renounce every power, benefit, or right which the laws give him, and he will be bound by his agreement to do so, provided the agreement be entered into fairly, without surprise, imposition, or fraud, and that it be reasonable and moral."

It is therefore clear from these authorities that one may, for a valuable consideration paid to him, renounce his absolute power to dispose of his estate at pleasure, and thus bind himself by an irrevocable contract. Counsel for appellee seem to insist that under the provisions of section 6174, Code 1907, the subsequent will necessarily revoked the former, citing Wilson v. Bostick, 151 Ala. 536, 44 South. 389; Bruce v. Sierra, 175 Ala. 517, 57 South. 709, Ann. Cas. 1914D, 125. It is quite clear, however, that these authorities, as well as the statute cited, by no means apply to a case involving the principle announced in Bolman v. Overall, supra.

It is further insisted, however, that the remedy is by specific performance, and we are referred to the case of Allen v. Bromberg, 147 Ala. 317, 41 South. 771. That case is not at all analogous to the one here presented. There was involved the question of the enforcement of an agreement by one to dispose of his property by will in a particular way. Here, we are not concerned with the question of a mere contract or agreement to make a will for the reason that the bill shows upon its face a will that has been duly executed, based upon a valuable consideration, and has already been duly admitted to probate. There is no occasion, therefore, for a resort to the remedy of specific performance. Indeed, the beneficiary neither needs nor seeks any relief, but he merely stands upon his rights under the probated will, which he insists is valid and binding, and which could not be revoked by the execution of a subsequent will. If it appears, therefore, that the will is valid and binding, based upon a valuable consideration, accepted by the testatrix, and therefore irrevocable, and has already been probated, clearly it would seem the beneficiary is without the need of any aid of a court of equity, and may stand upon his legal rights.

[2] We infer, from brief of counsel, that the court below in overruling the demurrer did so upon the theory that the question here presented should be raised by answer. The bill, however, sets out the facts and makes the will of December 17, 1907, a part thereof, and which showed upon its face that it was based upon a valuable consideration, accepted by the testatrix, and that it was in the possession of the beneficiary, R. H. Walker, when he filed the same for probate in September, 1915, and it further appears that the sole ground of contest was rested upon the assumption that the execution of the subse-

quent will revoked the former. If the complainants desire to contest the valuable consideration upon which prima facie the will is construed to be based, they may amend the bill by so denying the truthfulness of the recitals of such valuable consideration contained in the will, and to this end, and for such other amendment as may be deemed proper, the cause will be remanded and complainants allowed 30 days in which to amend the bill.

We conclude, therefore, that the question was properly raised by the demurrer interposed, and that it was reversible error to overrule the same. The decree appealed from will therefore be reversed, and one here rendered sustaining the demurrer, and the cause will be remanded.

Reversed, rendered, and remanded. All the Justices concur, except McCLELLAN, J., who dissents.

McCLELLAN, J. (dissenting). The purpose of this bill is to contest in chancery an instrument that was previously probated in the probate court of Houston county as authorized by Code, § 6207. The bill avers that the instrument so probated was not the last will and testament of Mrs. Walker, deceased, and that these complainants did not contest the same in the probate court. It is further averred that the decedent subsequently executed a testamentary instrument in which the complainants were named as beneficiaries, which later instrument operated and effected, according to the statute, Code, § 6174, as interpreted in Bruce v. Sierra, 175 Ala. 517, 57 South. 709, Ann. Cas. 1914D, 125, to revoke the elder instrument to which the probate court gave probate. The elder instrument, of date December 17, 1907, is set out in the statement of facts. Unaided by the averment of any illuminating circumstances surrounding it, my judgment is that it should be held to be a deed, not a will. If it was delivered to the grantee, undoubtedly it was intended to be a deed, not a will. However, there is no allegation that it was delivered; but, since it is in form and expressed purpose a deed, it should be taken at its own avowal of its nature, and held to be a deed. This acceptance of its nature consists with what was its otherwise undisclosed intention, viz. to pass properly in præsenti to the grantee, the actual enjoyment of which was postponed during the life of the grantor. The elder instrument neither expresses nor imports a promise to make a will. It purports, upon consideration, to convey the property described therein. It is not an executory contract. Whatever effect it has, that effect it had and fully accomplished when executed. What property of that the instrument undertook to convey, it did effect to convey, is of course another question.

That the bill has equity to avail of the right of contest declared in Code, § 6207, cannot, it seems to me, be a matter of doubt, unless it can be soundly ruled that Mrs. Walker by executing the instrument of date December 17, 1907, absolutely, permanently, denuded herself of the right and power to make a subsequent will. It cannot, in my opinion, be so affirmed. Sumner v. Crane, 155 Mass. 483, 29 N. E. 1151, 15 L. R. A. 447, where the proposition was well decided. Moreover, this court in Bolman v. Overall, 80 Ala. at page 456, 2 South. at page 626, 60 Am. Rep. 107, while defining rights, and remedy to give effect to them, where one validly contracts, for a consideration, to make a certain disposition of property after death, said:

"The courts do not set aside the will in such cases [i. e., a will made in violation of a contract to dispose of property in a certain way], but the executor, heir, or devisee is made a trustee to perform the contract."

It is a total misapprehension of the Bolman-Overall Case to read it as denying the power to make a will in violation of such a contract. The very language of that opinion refutes that notion. It is not wise or conservative to, at this late day, enter upon the hazard of a short cut that to take which violates rules of law that have long since become rules of property in this state.

My judgment is that the chancellor's ruling was well grounded in reason and authority.

### On Application for Rehearing.

GARDNER, J. Counsel for appellants upon this application for rehearing do not take issue with the opinion of the court in this cause, in so far as the same construes the bill as disclosing that the will sought to be set aside, and which has been duly admitted to probate, shows upon its face it was based upon a valuable consideration, moving from the beneficiary to the testatrix, received and accepted by the latter. Nor is it controverted that an instrument may be properly construed as partly testamentary and partly contractual, and that when based on a valuable consideration, such an instrument, although in form a will, may, in fact, constitute legally an irrevocable contract. The insistence is, however, that, notwithstanding this situation, all wills are revocable under all circumstances, and that therefore the later will must prevail, and be admitted to probate. We are cited to the cases of Schumaker v. Schmidt, 44 Ala. 467, 4 Am. Rep. 135, and Anderson v. Eggers, 61 N. J. Eq. 85, 47 Atl. 727, 55 L. R. A. 575, from the New Jersey Court of Errors and Appeals.

It is of course conceded as a general rule that wills are revocable, and that, as said in Anderson v. Eggers, supra, irrevocability would destroy its essence as a will. But these cases do not deny that the will may also upon its face disclose a contract based upon a valuable consideration, and thereby become binding upon the testator. Indeed, this is so recognized in the following lan-

guage taken from Anderson v. Eggers, supra:

"From this mutability of wills it follows that, if the whole scope of any arrangement is fulfilled by the mere making of a will, then nothing legally binding upon him who signs the instrument is contemplated, the obligatory force of a contract is not intended, and he remains at liberty to change his mind. The claim that a legal obligation is assumed must be supported by something beyond the consent to make a will."

The opinion then proceeds to discuss the facts leading to the execution of the will, and to show that there was nothing in the way of any contract involved in the transaction, saying:

"I think that under the circumstances the consent to make this will should not be deemed a contract. At best it is not certain that the parties meant what they did to amount to a legal obligation."

This also seems to be recognized in Schumaker v. Schmidt, supra, where, in the discussion of the question, in the opinion, the court asks the following question:

"Is there anything of the essence of a compact in it which should interfere with its revocability?"

[3] We are not concerned with whether or not the respondent R. H. Walker could have prevented, by injunction or otherwise, the probate of the later will in the probate court, had such effort been made. Allen v. Bromberg, 147 Ala. 317, 41 South. 771. We have here an instrument partly testamentary and partly contractual, appearing upon its face to be binding upon the testatrix, and which had already been duly admitted to probate, and the decision is confined to the situation as here presented. The testatrix, with the bill so construed, was legally and morally bound in the execution of the will and the intention of the parties has clearly been carried into effect by its probate.

The appellants do not controvert the fact that the contractual feature of the will was binding upon the testatrix, but they insist that the only remedy for the beneficiary is in the nature of a bill for specific performance, or rather to establish a trust upon the property. Let us see, therefore, what is the logical result of this insistence. Under the argument here urged, the court must set aside this will, which was of binding force upon the testatrix, and establish a later will in favor of the complainants as the last will and testament. But it must be conceded that the former instrument was binding in its contractual feature, and that therefore the respondent should be entitled to relief by way of a cross-bill, and therefore the contractual feature of the instrument enforced by the establishment of a trust upon all the property owned by the testatrix at the time of her death. Certainly, if the instrument was binding upon the testatrix, he (Walker) would clearly be entitled to this relief. The result therefore, would be that the court would sustain the contention of the complainants to set aside the will in favor of respondent Walker, and in the same decree enforce the will by way of establishing a trust in favor of said Walker upon the entire estate of the testatrix owned by her at the time of her death. We respectfully submit this would be an anomalous situation in judicial procedure. An analysis of the cases cited by counsel for appellants will disclose that they are not in conflict with the conclusion we have here reached, and, indeed, no case directly in point has been called to our attention.

As said by this court in Bolman v. Overall, noted in the original opinion:

"The power to make such a will having been renounced, the attempt to exercise it is deemed a fraud on the rights of the promisee under the contract, thus bringing into exercise another ground of equity jurisdiction."

The complainants are not in a court of law, where a closer observance of strict rules is required; but they are in a court of equity, whose jurisdiction over fraud and unfair dealing is given a very wide scope, and where the doctrine of equitable estoppel is often used with effective force. They claim through the testatrix, who, as we construe the bill, has bound herself for a valuable consideration to the execution of this will, and to its irrevocability; and they, standing in her shoes, seek to have the court set aside the probate of this will, and establish a later one, made in violation of the contractual obligation in the former, and thus obtain the aid of a court of equity in establishing a fraud upon the rights of the respondent. This would manifestly be a perversion of the right to contest a will in a court of equity, and out of harmony with all equitable principles. But, as before stated, should relief be granted complainants, yet it must be conceded that the respondent Walker would have the right to obtain relief by way of cross-bill, and establish a trust upon the property, thus placing him again in the same position he now occupies. Such a procedure would be but a display of judicial gymnastics, entirely out of place in a court of equity, which looks through form to substance, and which has been so effective in the establishment of the truth in the administration of justice.

A decision of a court should be based upon common sense and sound logic as its foundation, and if these are lacking the superstructure must sooner or later fall. If the contractual feature of the instrument here involved is subject to impeachment for unfairness or fraud, or other cause, the door is open to complainants for its attack by way of amendment; but the will is here sought to be set aside upon the sole ground that, notwithstanding its binding force and effect, it has been revoked by the execution of another will, and this upon a bill which shows upon its face that to do so would be a fraud upon the rights of the respondent.

We think the conclusion which we have here reached is rested upon sound reasoning

and common sense, and is not in conflict with any authorities to which our attention has been directed. We therefore adhere thereto, and the application for a rehearing will be denied.

Application overruled.