166 So.2d 855

**Pat TIDMORE**

**v.**

**Sarah HANDY.**

**7 Div. 575.**

Supreme Court of Alabama.

May 28, 1964.

Rehearing Denied Sept. 3, 1964.

Hinton & Torbert and Rowan S. Bone, Gadsden, for appellant.

Dortch, Allen & Meighan, Gadsden, for appellee.

## PER CURIAM.

This appeal is from a decree of the Circuit Court of Etowah County, in Equity, sustaining demurrer to the amended complaint and dismissing the suit.

The prayer of the bill, in addition to a general prayer for relief, is for a specific performance of an alleged contract or agreement to convey certain described real estate. We quote from the amended complaint the allegations of fact giving rise to the alleged contract or agreement:

"TWO: That on or about, to-wit: April, 1948, the complainant was approached by the Respondent, Sarah Handy, and J. C. Handy, the said J. C. Handy being now deceased, and the said Sarah Handy having been granted letters testamentary upon said estate as aforesaid set forth, and at said time and said place, in April, 1948, the said Sarah Handy and J. C. Handy represented to the Complainant that they were the owners of certain real estate hereinafter described in Paragraph Three hereof, located in Etowah County, Alabama.

"THREE: That the Respondent, Sarah Handy, and the said J. C. Handy, now deceased, on or about April, 1948, represented to the Complainant, that being the owners of that certain real estate described as follows, to-wit: [Description here omitted] that they would grant him right to use and the benefit of the hereinabove described property during their lifetime for and in consideration of the Complainant furnishing to them, produce, and milk, and further that he would render them, during their lifetime, such aid and assistance in and about the upkeep of their home that they might need and for and in consideration of the above services that they would, on the death of the survivor, if not sooner done, vest in your Complainant a fee simple title to the above described real estate.

"FOURTH: Your Complainant avers that acting in accordance with this agreement, he went into possession of the above described property and has farmed said property, investing much of his time, labor, and money in and about the development of the property, the improvement of same, and the construction of buildings in and about said property, and has furnished to the Respondent, Sarah Handy, and J. C. Handy, now deceased, produce and milk, and has rendered aid and assistance in accordance with the original agreement, and has performed all acts required to be done in said agreement.

"FIVE: Complainant avers that since the death of the said J. C. Handy, the Respondent, Sarah Handy, has, by her acts and conduct toward Complainant, indicated that she intended to sell the above described real property, and that accordingly, Complainant would not receive fee simple title to said property in accordance with the agreement heretofore referred to, and now may lose all, of his labor, time and money which he has expended in and about the fulfilling the agreement heretofore referred to. Complainant further avers that a will, allegedly the Last Will and Testament of J. C. Handy,

deceased, was filed in the Probate Office of Etowah County, Alabama, on 20 June, 1960, and that a copy of said will is attached hereto, and incorporated herein by reference as Exhibit 'A'. Complainant avers that by the terms of said will, that the Respondent, Sarah Handy, either individually, or as Executrix of the estate of J. C. Handy, is given the right to sell and convey any of the property of the deceased, J. C. Handy. That the only property which the said J. C. Handy, deceased, owned at the time of his death was his interest in the property described in Paragraph Three hereof."

■ We are not certain from the above allegations whether the vesting of fee simple title was to be done by deed or will, but in either aspect the demands of the Statute of Frauds of Alabama, if properly pleaded, must be met.

We held in the case of Vickers v. Pegues et al., 247 Ala. 624, 626, 25 So.2d 720, as follows:

"But, it is now settled in this state that an oral agreement to make a will devising real estate, unaccompanied by payment of some valuable consideration and delivery of possession of the land to be devised, is void under the provisions of our statute of frauds (§ 3, Title 20, Code of 1940). Manning v. Pippen, supra [86 Ala. 357, 5 So. 572]; Allen v. Bromberg, supra [147 Ala. 317, 41 So. 771]; Mayfield v. Cook et al., 201 Ala. 187, 77 So. 713."

The statute of frauds, Title 20, § 3(5), reads as follows:

"In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing:

\*　\*　\*　\*　\*　\*

"(5) Every contract for the sale of lands, tenements, or hereditaments, or of any other interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof be paid, and the purchaser be put in possession of the land by the seller." ·

See also Shannon v. Wisdom, 171 Ala. 409, 55 So. 102(3).

It is to be noted that subsection (6) of § 3, Title 20, Recompiled Code of 1958 (Act No. 645, Acts of Alabama 1951, Vol. II, p. 1109), did not become effective until September 4, 1951, which was after the date of the alleged agreement or contract here under consideration.

We do not think this provision requiring "[e]very agreement, contract or promise to make a will or to devise or bequeath any real or personal property or right, title or interest therein," to be in writing would have any effect or bearing on the alleged agreement or contract alleged to have been made in April, 1948.

A ground of demurrer to the amended complaint is as follows: "16. Construed most strongly against the pleader said complaint shows on its face that the agreement relied on is void under the Statute of Frauds." Other grounds of similar import appear.

■ " 'The statute of frauds is a matter of defense, which must, generally, be insisted on by answer or by plea. Patterson v. Ware, 10 Ala. 444. But when it clearly appears, from the averments of the bill, that the contract or agreement sought to be enforced is within the statute, the party to be charged may demur. \* \* \*' " Shannon v. Wisdom, 171 Ala. 409, 55 So. 102(5); Bunch v. Garner, 208 Ala. 271, 94 So. 114 (1); Tolleson v. Henson, 207 Ala. 529, 93 So. 458(5); Bullen v. Bullen, 231 Ala. 192, 164 So. 89.

■■ The omission from the bill of complaint of an averment that the contract or

agreement was in writing does not within itself clearly demonstrate that the agreement is obnoxious to the statute of frauds. Such an averment is not necessary. We quote from Dexter v. Ohlander, 89 Ala. 262, 7 So. 115(1), as follows:

"The complaint failed to aver that either the lease or plaintiff's relinquishment or surrender of it was in writing, and demurrers were interposed to each of its two counts, on this ground. These demurrers were properly overruled. Granting defendant's position, that both of these contracts were required by the statute of frauds to be in writing, and conceding that the declaration is upon the lease and the relinquishment of it, the authorities are uniform that the fact need not be alleged, but is a matter which properly arises on proof. Perrine v. Leachman, 10 Ala. 140; Rigby v. Norwood, 34 Ala. 134 [129]; Martin v. Wharton, 38 Ala. 637."

See also Trammell v. Craddock, 93 Ala. 450, 9 So. 587; Moore v. Whitmire, 189 Ala. 615, 66 So. 601(2).

It is our opinion that it does not clearly and affirmatively appear from the averments in the complaint that the alleged agreement or contract contravenes the statute of frauds; hence the ground of the demurrer raising such contravention is without merit.

Challenge is made by the demurrer that the amended bill of complaint shows on its face that not all necessary parties to the bill are before the court.

While this ground of demurrer is deficient for failure to state the name of the party omitted (Gordon v. Gleason, 267 Ala. 351, 101 So.2d 542(3), we assume arguendo that it refers to Treasure Tidmore, who is made cross-respondent in respondent's cross bill, and who appeared and filed demurrer thereto.

We held in Craft v. Russell, 67 Ala. 9(7):

"The appellant further assigns as error, the overruling of his demurrer, which was based upon the suggestion that Tousmiere should have been made a party to complainant's bill. The rule of practice established in this court is, that where such a demurrer is interposed for want of proper parties defendant, and the answer shows that all interested parties are really, and in fact before the court, there is no good reason why complainant should be compelled to amend his bill, or that it should be dismissed; the objection may be properly disregarded, and there is no error in proceeding to a final decree. Chapman v. Hamilton, 19 Ala. 121, 125."

The prayer of the cross bill is in part as follows:

"* * * this Court will make and enter a decree declaring the alleged agreement with cross-defendants void and decreeing that cross-defendants have no title or interest in the lands described in the amended bill of complaint and that title to said lands is vested in respondent Sarah Handy with full power to dispose of the same as she may desire."

In the case at bar, the alleged necessary party, Treasure Tidmore, is before the court as a party aforestated. If this ground of demurrer influenced the trial court in sustaining the demurrer of respondents to the amended bill of complaint, it was error. The decree sustaining the demurrer omits any reference to the grounds of demurrer that actuated the court in sustaining it.

The original bill made "Mrs. Sara Hanby" party respondent. Following a motion to quash service, the movant stating her true name to be "Sarah Handy," complainant filed an amended bill of complaint (which might be termed a substitute bill of complaint) against Sarah Handy, individually and in her fiduciary capacity. To this amended bill a ground of demurrer was interposed that the amended bill contains an entire change of parties defendant from those named in the original bill.

# 24

■ Again assuming arguendo that demurrer is the proper way to challenge the alleged change of parties, we conclude the complainant made an error in the name of the parties respondent, which is correctable by amendment. In Springer v. Sullivan, 218 Ala. 645, 119 So. 851(1), this court, speaking through the late Justice Foster, observed as follows:

> "Suit was instituted by Dewey 'Selden' and Marion Baines for the contract price agreed on for cutting timber for defendant. It developed that one of the plaintiffs was not named Dewey 'Selden,' but Dewey Sullivan, and plaintiffs were allowed to amend by changing his name and later by striking Baines as a party plaintiff. This was over objection and exception by defendants, who also moved to enter a discontinuance because of an entire change of parties plaintiff resulting from the above situation.

> "If any error was made in the name of a party, it may be corrected by an amendment. Whether the amendment introduces a new party, or relates to the same party by a different name, is a question of fact for the court to determine. (Cases cited)"

It is quite obvious from the record that the name of the respondent was misspelled in the original complaint and was an error correctable by amendment.

■ The ground of demurrer that there is a misjoinder of parties respondent to the amended bill of complaint is too general to admit of consideration. Inland Waterways Corp. v. Sloss Sheffield Steel & Iron Co., 223 Ala. 397, 136 So. 849(1); Brewbaker, Inc. v. City of Montgomery, 270 Ala. 460, 119 So.2d 887(1). If the demurrer was sustained on that ground, it was error.

We take cognizance of § 15, Title 20, Code 1940, which reads as follows:

> "Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

We held in Cox v. Hutto et al., 216 Ala. 232, 113 So. 40(8, 9), that § 15, Title 20, Code 1940, supra, rendering conveyances of land in consideration of support of the grantor during life, voidable at the option of the grantor by proceedings to annul brought in equity during his life, is defensive and must be set up by plea or answer and not by demurrer.

■ Appellees have presented this question by cross bill, to which appellant demurred. The demurrer was overruled and here assigned as error. The cross bill was filed on October 3, 1961, demurrer thereto filed on November 29, 1961. The decree did not dismiss the cross bill. For this reason the ruling of the trial court on the demurrer is not here reviewable. Such consideration is precluded by § 755, Title 7, Recompiled Code of 1958, Appendix (Act No. 72, Acts of Alabama, Special Session 1961, p. 1947, approved September 15, 1961).

We hold that the bill contains equity as to each respondent, and that none of the several grounds of demurrer to the complaint as last amended were well taken, and that the court committed reversible error in dismissing the cause.

The decree is reversed and the cause remanded for further proceedings which comport with law.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by this court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN, COLEMAN and HARWOOD, JJ., concur.