208 So.2d 914

**Eva EDWARDS**

**v.**

**Johnny Wesley SENTELL, Ex'r.**

**7 Div. 763.**

Supreme Court of Alabama.

April 4, 1968.

Carl Elliott, J. J. Cockrell and Jerry R. Herring, Birmingham, for appellant.

Wm. S. Pritchard, Jr., Victor H. Smith, Pritchard, McCall & Jones, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a decree denying the relief sought in a bill for specific performance of a purported oral agreement that complainant-appellant would be a legatee in the will of George Washington Sentell. When the will was probated, it contained no provision for her in it, and she filed her bill against Johnny Wesley Sentell, as executor of the estate of the decedent.

Appellant, Mrs. Eva Edwards, alleged in her original bill that George Washington Sentell, hereinafter called the decedent, during the year 1952, told her if she would give up her job with an insurance company and work for him, agree not to accept other employment during his lifetime except with his permission, perform for him such duties as he would assign, such as negotiating for locations for new service stations, renegotiation of rentals on existing stations, checking on them, aid him in his widely scattered business operations, and not remove from Jefferson County, where his business interests were primarily located, during his lifetime "that he would, in consideration of her promises so to do, at his death by will bequeath to and provide for her"—(A) the lump sum of fifty thousand dollars; (B) an additional sum equal to three hundred dollars per month for the period intervening between the date of decedent's death and the time when appellant would attain seventy-five years of age; (C) that he would have built for her a six-room house in the Rosehill community, and (D) that he would provide in his will that she be supplied out of his estate with a new Ford car as of the time of his death.

She alleged that she had performed all the conditions, but the decedent breached the oral contract by making no provision for her in his last will and testament. The decedent died on April 26, 1964.

The bill was amended three times. Conditions (C) and (D), supra, were stricken, the date of his promise was changed from "1952" to "prior to the 20th day of August 1951," and "nor to contract marriage" was added to the obligations assumed by appellant.

■ The only material amendment was the change in the date or year that appellant and the decedent allegedly entered into the oral agreement. This is because subsection (6) of Tit. 20, Sec. 3, Code 1940, was added on September 4, 1951, and since then, the section has read:

> "In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing:
>
> \* \* \* \* \* \*
>
> "(6) Every agreement, contract or promise to make a will or to devise or bequeath any real or personal property or right, title or interest therein."

If the original date, "1952," be correct, the statute, as amended, would apply; if the purported agreement were made "prior to the 20th day of August 1951," subsection (6) would not be applicable. Tidmore v. Handy, 277 Ala. 20, 166 So.2d 855.

Much of the evidence is conflicting and we shall not set it out in detail. Appellant presented witnesses who testified that they had seen appellant working with the decedent and had heard the decedent assign work to appellant. Several witnesses testified that decedent had told them about a contract he, the decedent, had made with the appellant in 1951. Appellant testified that she helped locate and then negotiate leases for service stations for the decedent, who was in the oil business and owned forty-four service stations. Appellee presented several witnesses, whom appellant claimed to have contacted for the decedent, and they denied ever having done business with appellant. Appellant also testified that during the thirteen years that she worked for the decedent, she received no compensation whatsoever.

Appellant's testimony as to when the purported agreement was made was confused. In a pretrial deposition taken on April 30, 1965, she testified that she went to work for the decedent in March, 1952, and that the parol agreement was made in March, 1952. She was asked how she fixed the time, and she said that she fixed it because she had been working for decedent when her grandson, Michael Edwards, had been born on May 13, 1952. Actually, the child was born in May, 1953. At the trial proper, which started January 26, 1966, appellant testified that she had been mistaken in her testimony as to the dates and the fixing of the time. She then said that the correct date of the agreement was prior to August, 1951, and she fixed it by the birth of a niece, Becky (Rebecca Ann) McDaniel, who was born on August 20, 1951.

Appellant also admitted that on March 10, 1965, she filed a sworn claim against the estate of George Washington Sentell in the Probate Court of Clay County, based on the same claim as made in the original bill and she again stated that her agreement with Sentell was made in 1952.

The trial court's decree reads in part:

> "The Court finds that the complainant has failed to reasonably satisfy the Court from the legal evidence in this case that there was any contract or agreement between the complainant and the said George Washington Sentell, the respondent's testator, such as claimed and alleged by the complainant in her bill of complaint as last amended. The Court is further of the opinion that if there was any definite agreement between the said testator and the complainant herein, that the same was made subsequent to the 4th day of September, 1951, and that it was not in writing, and that under the amendment to the Statute of Frauds as approved September 4, 1951, Code of Alabama,

Title 20, Section 3(6), relief to the complainant must be denied. The Court further finds that the respondent is not estopped from pleading the Statute of Frauds as a defense to said bill as so amended."

In Bolman v. Overall, 80 Ala. 451, 2 So. 624, this court approved the following:

"* * * A person may make a valid agreement binding himself to dispose of his property in a particular way by last will and testament, and a court of equity will enforce such an agreement by compelling the heir at law to convey the property in accordance with the terms of the contract; but such a contract, especially when it is attempted to be established by parol, is regarded with suspicion, and not sustained except upon the strongest evidence that it was founded upon a valuable consideration, and deliberately entered into by the decedent."

A case of specific performance must be established by clear, definite and unequivocal evidence, and must not leave the contract or any of its terms in doubt, Borden v. Case, 270 Ala. 293, 118 So.2d 751, 81 A.L.R.2d 982; and merely persuasive evidence is fatal to a claim of specific performance, because complainant's case must be established by evidence that produces a clear conviction in the judicial mind, Owens v. Williams, 276 Ala. 627, 165 So.2d 709.

[4–6] In the ordinary lawsuit, the plaintiff in this state is required to prove his case to the reasonable satisfaction of the court or jury as the situation may be. A more exacting measure is applied where an oral contract for a devise or legacy is involved. In such a case, the evidence supporting the contract must be clear and convincing. Authorities supra. While a precise definition of the phrase "clear and convincing" is difficult, it serves as a strong admonition to the trier of fact to bear in mind that the deceased is not available and that those supporting the claim have the

field to themselves, limited only by their own conscience and the practiced eye and ear of the trial judge. In re Knight's Estate, 51 Ill.App.2d 198, 200 N.E.2d 916.

Where the hearing is in open court and the testimony is taken ore tenus before the trial judge, his conclusions on the disputed issues of fact have the force and effect of a jury's verdict, and unless plainly wrong or against the great preponderance of the evidence must be sustained. Spruiell v. Stanford, 258 Ala. 212, 61 So.2d 758; Hagood v. Spinks, 219 Ala. 503, 122 So. 815. In the cited cases, specific performance was sought of alleged oral contracts to convey real property. We cannot say that the trial court was plainly wrong in reaching its conclusion in this cause.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.