STEAGALL, Justice.
Plaintiffs Martha Trice Hare Nelson and Mary Katherine Hare Loftin filed a three-count complaint. They appeal from a judgment based on a directed verdict as to count one, and appeal separately from a summary judgment as to counts two and three. The defendants were their brothers, Arnold Hare[1] and Donald Hare. In their declaratory judgment action, Martha and Mary sought a declaration of their rights under an alleged oral contract between their parents, Joe and Lillie Hare, and Arnold and Donald, for the benefit of the two sisters in contravention of their parents’ wills. We affirm.
Joe Hare executed his will on June 12, 1959, and in it he bequeathed to Mary only the sum of $1000; the remainder of the estate, which consisted of 3,000 acres of land, and cattle, timber, and cash, he bequeathed half to his wife, Lillie, and the remaining half equally to Arnold, Donald, and Martha. Joe died in March 1963, survived by Lillie, who executed her will on May 13, 1969, and died July 1, 1972. She left all of her estate to her sons equally, with no provisions for her daughters. Both wills named Arnold and Donald as executors. The brothers managed the farm and the other property after their father’s death until Arnold’s death on November 23, 1985.
The complaint was amended five times, and count one was severed from counts two and three. The sole issue at trial of count one — and which is dispositive on this appeal — is whether there existed evidence of an oral contract by which the parents agreed to will their entire estate to the sons upon a promise of the sons to share it equally with their sisters. The other two counts, which were disposed of on summary judgment, were for conversion of timber, requesting damages, and for an accounting for money had and received, also asking for damages. The two appeals have been consolidated; they both can be resolved by determining whether there was evidence of an oral contract.
At the conclusion of the plaintiffs’ case, in addressing defendants’ motion for directed verdict on count one, the trial judge stated that there was a material variance between the pleadings (“that there was a contract by the parents that they would will their entire estate to the sons”) and the proof (“this record is void of any agreement whatsoever by William Arnold Hare with his parents, and ... it is alleged by the plaintiffs that the purported agreement was with the ‘sons' ”). In granting the directed verdict, the court went on to state that, because the written instruments, which are the best evidence of the wills, were never offered into evidence by either the plaintiffs or defendants, the jury would have had to speculate as to their exact terms. “If ... the evidence in support of the complaint is based on speculation and conjecture, there is no scintilla of evidence which would authorize a denial of the motions for directed verdict.” Allstate Ins. Co. v. Fitzsimmons, 429 So.2d 1059 (Ala.Civ.App.1983).
Plaintiffs called several witnesses who testified regarding either conversations that they had with Joe and Lillie Hare or conversations that they overheard between Joe and Lillie and someone else. None of them testified as to an agreement between Joe and Lillie and Arnold and Donald. The most any one witness relayed was that in 1962 she overheard Joe tell someone else that he and Lillie were going to leave their property to their sons to be divided among the four children. Arnold and Donald were not present, and there was no reference in the wills to such an agreement.
“ ‘ * * * A person may make a valid agreement binding himself to dispose of his property in a particular way by last will and testament, and a court of equity will enforce such an agreement by compelling the heir at law to convey the *19 property in accordance with the terms of the contract; but such a contract, especially by parol, is regarded with suspicion and not sustained except upon the strongest evidence that it was founded upon a valuable consideration, and deliberately entered into by the decedent.’ ”
Edwards v. Sentell, 282 Ala. 48, 51, 208 So.2d 914, 916 (1968). Furthermore, Edwards notes that where an oral contract for a devise or legacy is involved, the evidence supporting the contract must be clear and convincing. 282 Ala. at 51, 208 So.2d at 916. Edwards defined “clear and convincing” as “a strong admonition to the trier of fact to bear in mind that the deceased is not available and that those supporting the claim have the field to themselves, limited only by their own conscience and the practiced eye and ear of the trial judge.” 282 Ala. at 51, 208 So.2d at 916. There is nothing in the record to evidence a meeting of the minds between Arnold and Donald Hare and their parents, nor do we discern evidence of any valuable consideration. One fact that is clear from the record is that Joe Hare did not leave his entire estate to his sons, as the sisters allege that he contracted to do. Rather, Martha received an equal share with Arnold and Donald, and Mary received $1,000.
In examining the evidence presented at trial, as well as the record as a whole, we concur with the trial judge and conclude that there was not a scintilla of evidence as to the contract or agreement alleged and pleaded by the plaintiffs. Because the other two counts, on which summary judgment was granted, necessarily depended on the existence of the oral contract (an issue resolved adversely to the plaintiffs), any error in granting summary judgment on those counts would not require reversal.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.

. The death of William Arnold Hare having been suggested upon the record, his widow, Lullene Hare, and his children, William Christopher Hare, Craig Jackson Hare, and Greg Bradford Hare, were substituted as defendants.