Carolyn Dukes, Marshall Dukes, Ricky Dukes, Lavon Dukes, Carrie Tate, Linda Simmons, and Barbara Simon, all of them being heirs of Elisha Dukes (referred to collectively as "the heirs"), filed a declaratory-judgment action against their aunt, Rosa Lee Pearson, seeking a judgment declaring the rights of the parties respecting 120 acres of land owned by Pearson. After conducting a bench trial, the court entered a judgment in favor of Pearson. The heirs appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala. Code 1975, §12-2-7(6).
Pearson and Elisha Dukes were half-siblings. Their mother deeded 120 acres of land to Pearson in 1962. Pearson admittedly offered to convey 10 acres by will to each of her six siblings if he or she paid $196 as a share of the payoff of the debt on the property. Some, but not all of the siblings, accepted this offer. Sometime after the offer was made, Elisha Dukes approached *Page 1183 
Pearson and offered her "$200 plus interest" and requested that he be given the offered 10 acres by her will. Pearson testified that she accepted the money and named Elisha Dukes as a beneficiary in her will. However, she said, because she later paid his funeral expenses, which totaled approximately $1,000, she revised her will to omit the gift to him.
Contracts to make a will are valid in Alabama under certain circumstances. Edwards v. Sentell, 282 Ala. 48, 51, 208 So.2d 914, 916
(1968) (quoting Bolman v. Overall, 80 Ala. 451, 2 So. 624 (1887)). The Statute of Frauds requires that such contracts be in writing, see Ala. Code 1975, § 8-9-2(6); however, Pearson failed to raise the Statute as an affirmative defense and, as a result, has waived it. See Rule 8(c), Ala.R.Civ.P.; McCrary v. Butler, 540 So.2d 736, 740 (Ala. 1989). Typically, a contract to make a will can be enforced after the promisor's death, in a breach-of-contract action or in an action in the nature of specific performance against his estate. See Stone v. Burgeson, 215 Ala. 23,24, 109 So. 155, 155-56 (1926). The Alabama Supreme Court has held that, if remedy was sought before the death of the promisor, the appropriate action was one for damages against the promisor. Poe v. Kemp, 206 Ala. 228,229, 89 So. 716, 717 (1921); but see Stone, 215 Ala. at 24,109 So. at 156 (indicating, without deciding the issue, that such a holding may not be correct). The heirs have filed a declaratory-judgment action; this action is appropriate because the heirs seek to have a contract construed before it has been breached. See Ala. Code 1975, § 6-6-224.
We recognize that the trial court's factual determinations are governed by the ore tenus rule, which requires this court to affirm the trial court's rulings based on those findings if they are supported by the evidence; we also recognize that the heirs had to present clear and convincing evidence in order to prove the oral contract to make a will.Edwards, 282 Ala. at 51, 208 So.2d at 916. Nevertheless, we cannot see how the trial court could have found that Pearson had not contracted to make a will. Pearson admitted that she offered to will each of her siblings 10 acres in return for a payment of $196. She admitted that she accepted a $200 payment made by Elisha Dukes in reliance on that offer. She also admitted that, in accord with her promise, she executed a will that would have devised 10 acres to Elisha Dukes. Pearson revoked that will, however. She explained that she revoked it partly because, she said, Elisha Dukes had attempted to accept her offer after it had expired, and partly because, she said, her payment of Elisha Dukes's funeral expenses more than repaid the "$200-plus-interest" payment he had made to her. Pearson testified that she did not feel that she owed Elisha Dukes's heirs anything.
The trial court heard, from the promisor herself, clear and convincing testimony establishing that she and Elisha Dukes had entered into a contract whereby he was to pay her $200 and she was to leave him 10 acres of real property by her will. Pearson testified that she actually made a will in accordance with that contract. The trial court's apparent finding that Pearson and Elisha Dukes had no such contract is not supported by the evidence.
Pearson argues, in essence, that she revoked the contract by "returning" the consideration Elisha Dukes had paid, i.e., by paying his funeral expenses. We disagree. The Alabama Supreme Court has held that "there is no authority to revoke a contract by one who for a valuable consideration has bound his estate to another operative at death." Cowinv. Salmon, 244 Ala. 285, 294, 13 So.2d 190, *Page 1184 
197 (1943); see also Walker v. Yarbrough, 200 Ala. 458,460, 76 So. 390, 392 (1917) (stating that "one may, for a valuable consideration paid to him, renounce his absolute power to dispose of his estate at pleasure, and thus bind himself by an irrevocable contract"). We conclude that Pearson could not revoke that contract,see Walker, 200 Ala. at 460, 76 So. at 392, simply on the basis that she had paid Elisha Dukes's funeral expenses.
The heirs requested that the trial court declare the rights of the parties respecting the 120 acres owned by Pearson. The trial court entered a judgment for Pearson, without explanation. Because we find the evidence indicating Pearson contracted to make a will leaving real property to Elisha Dukes to be undisputed, we must reverse that judgment. On remand, the trial court is to enter a judgment declaring that Pearson entered into a binding contract with Elisha Dukes and that the substance of that contract required Pearson to devise a 10-acre portion of her 120-acre tract of land to Elisha Dukes.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.